379 So.2d 729 (1980)
STATE of Louisiana
v.
Loyers FORD.
No. 64045.
Supreme Court of Louisiana.
January 28, 1980.
Claude R. Sledge, Public Defender, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., E. L. Edwards, Jr., Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
SUMMERS, Chief Justice.[*]
In an indictment returned by the Grand Jury of DeSoto Parish appellant Loyers Ford was charged with the first degree murder of Vera Salone. La.Rev.Stat. 14:30. A jury found appellant guilty as charged. At the sentence hearing which followed, the jury recommended life imprisonment without benefit of probation, parole or suspension of sentence, and appellant was sentenced accordingly. La.Code Crim.Proc. arts. 905-905.9.
*730 During the trial the State offered as evidence a .22 caliber pistol containing one cartridge and five spent cartridges, together with five lead pellets extracted from the body of the victim. Appellant objected that the pistol and cartridges were seized without a search warrant in violation of Section 5 of Article I of the Louisiana Constitution and were therefore inadmissible under the exclusionary rule made mandatory on the States under Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
In the late afternoon of September 10, 1977 Vera Salone entered "Allen Ford's Joint" in Longstreet, DeSoto Parish, where a number of customers were present playing pool. When appellant entered the room Vera was at one end of a pool table. "What are you trying to prove?" appellant demanded of Vera. He then drew a .22 caliber pistol and fired several times at Vera. Frantically she ran from the building to Allen Ford's house next door. Meantime appellant left "Allen Ford's Joint", entered his car and drove off.
When Vera Salone entered Allen Ford's house she collapsed. She was then transported to the hospital where she subsequently died of a heart attack secondary to a gunshot wound of the heart.
The next day Deputy Pete Lyles was called to investigate the homicide. He drove to Allen Ford's residence where he obtained information relating to the shooting of Vera Salone by appellant. From a transmission over his car radio he learned that appellant had turned himself in at the DeSoto Parish jail, asking to be locked up for his own protection.
While the deputy was investigating and trying to locate the weapon used in the shooting, an anonymous tipster approached his automobile and asked if he was looking for the murder weapon. The deputy replied that he was and the tipster departed, returning shortly with the .22 caliber pistol containing the cartridge and the five spent cartridges which were later introduced in evidence over defense objection.
Testing at the crime laboratory established that this gun was the same which fired the bullets found in the victim's body. Appellant argues that the pistol and cartridges delivered to the sheriff's deputy were obtained without a warrant and that none of the well-defined exceptions to the warrant requirements are applicable here. Introduction of the weapon was therefore in violation of the exclusionary rule, he claims. His contention is based upon the guarantees of Section 5 of Article I of the Louisiana Constitution that
"Every person shall be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy. No warrant shall issue without probable cause supported by oath or affirmation, and particularly describing the place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search. Any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court."
A search warrant is required only if a justifiable expectation of privacy is to be invaded. If the accused has no reasonable expectation of privacy in the area invaded, neither a warrant nor an exception to the warrant requirement is needed for the evidence to be admissible. It is incumbent on the accused to make a prima facie showing that his expectation of privacy has been violated in a warrantless search and seizure. State v. Mitchell, 360 So.2d 189 (La.1978).
Once the accused makes the initial showing that a warrantless search occurred the burden shifts to the State to affirmatively show that the search is justified under one of the narrow exceptions to the rule requiring a search warrant. State v. Franklin, 353 So.2d 1315 (La.1977). Implicit in this requirement is the necessity for the defense to show, in disputed cases, that the authorities searched a protected area, as there is no need for a warrant to search where defendant has no expectation of privacy.
*731 The initial inquiry, then, is whether there was a search or seizure at all. In this context, to constitute a search or seizure prohibited by the Constitution, it must be established that the .22 caliber pistol delivered to the sheriff's deputy by the anonymous tipster was obtained from an area under the direct control of the defendant.
In an effort to satisfy this inquiry appellant argues in brief that, although it was not brought out on direct or cross-examination, it can only be assumed that the weapon was recovered under the direct control of the defendant. Appellant does not in argument supply a basis for such an assumption. Conceivably the assumption could be based upon the fact that Deputy Lyles was near appellant's residence when he received the gun, an area in which appellant may have had a justifiable expectation of privacy either by his presence or by his placement of the gun in his residence. However, such a basis for the assumption is untenable. The weapon could not then have been under the direct control of appellant, for he was at that time voluntarily incarcerated in the parish jail. Nor is there evidence in this record that appellant had secreted the gun in his residence or other place where he had a reasonable expectation of privacy.
It was appellant's burden to establish where the tipster obtained the gun; still he made no effort to elicit this information from Deputy Lyles, not even to ask Lyles if he had queried the tipster concerning where he obtained the gun. Where the anonymous tipster obtained the gun therefore remains a mystery, just as the tipster's identity and whereabouts are likewise unknown.
Thus a showing that an invasion of privacy occurred is lacking. It is not shown therefore that appellant's constitutional rights are violated. The gun was therefore properly admissible in evidence and the ruling to that effect by the trial judge was correct.
For the reasons assigned, the conviction and sentence are affirmed.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur in the result reached by the majority because the evidence does not show that there was a search, seizure or invasion of privacy.
NOTES
[*] Jesse N. Stone participated in this decision as Associate Justice ad hoc.