Fred John WILKERSON, Appellant,

v.

The STATE of Texas, State.

No. 2–81–353–CR.

Court of Appeals of Texas,
Fort Worth.

Jan. 12, 1983.

Carl E. Mallory, Arlington, for appellant.

Tim Curry, Dist. Atty., and Hamilton O. Barksdale, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and SPURLOCK and BURDOCK, JJ.

OPINION

FENDER, Chief Justice.

The offense is possession of marihuana; the punishment is three years probation and a three hundred dollar ($300.00) fine.

The appellant, Fred John Wilkerson, advances two grounds of error. The first challenges the legality of the search and subsequent seizure of the marihuana without a warrant and the second challenges Wilkerson's arrest without a warrant or exigent circumstances.

We affirm the conviction.

The record reveals that officers of the Fort Worth Police Department received an anonymous telephone call reporting that there was marihuana growing in the back yard at a specific address. Officers were dispatched to investigate the tip. From their car as they arrived at the address, they could see eight-foot high marihuana growing in the back yard, shielded only by a four-foot chain link fence. The officers knocked on the door, determined that no one was home, and set up surveillance of the house. Two of the three officers en-

tered the back yard and remained there. A little girl approached the house and the officers questioned her as to who lived in the house. She told them that she lived there with her mother and a man. She said they were at a club within walking distance. The officers asked her to go get these adults and shortly thereafter, the child, her mother and a man later identified as defendant Wilkerson approached the house. The officers intercepted them and identified themselves. The officers still did not know at this point who owned the home or the marihuana. They asked Wilkerson if he lived there. Wilkerson responded by saying that he did and also inquired "Did you come to see my nice plants?" Wilkerson and the officers then went to the back yard, right next to the marihuana where Wilkerson stated, "How do you like my plants? I planted them in April and I smoke it myself." At this point, Wilkerson was arrested. Subsequent to his arrest, the marihuana was seized.

We shall first consider Wilkerson's contention that the search was illegal. The record shows that the officers responded to an anonymous tip. It is true that such a tip does not establish probable cause to search, but it does provide sufficient justification for police officers to begin an investigation. *Clemons v. State,* 605 S.W.2d 567 (Tex.Cr. App.1980).

Upon arriving at the house, the record shows that the officers could see the eight-foot high marihuana plants from the street. It is well settled that an officer may seize what he sees in plain sight or open view if he is lawfully where he is. *Milligan v. State,* 554 S.W.2d 192 (Tex.Cr. App.1977); *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Further, for the Fourth Amendment protection to come into play, a person must exhibit a reasonable expectation of privacy. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Eight-foot high marihuana plants,

shielded only by a chain link fence and visible from the street, do not exhibit a reasonable expectation of privacy.

Thus, the sighting of the marihuana by the officers was not the result of a "search" at all, but merely the result of the officers' looking onto the property from a place where they clearly had a right to be. Wilkerson's first ground of error is overruled.

Wilkerson also urges that his arrest was invalid because it was without a warrant and without exigent circumstances excusing the issuance of a warrant. The record shows that the arrest was made after Wilkerson admitted ownership of the marihuana while standing adjacent to it. A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. V.A.C.C.P. art. 14.01. This is the circumstance we have here. The subsequent seizure of the marihuana was valid as incident to the arrest. *Maldonado v. State,* 528 S.W.2d 234 (Tex.Cr.App.1975). Wilkerson's second ground of error is also overruled.

The judgment of the trial court is affirmed.