EDWARDS, Judge.
Defendant was convicted under R.S. 40:967 of attempted production of marijuana. He has appealed, alleging nine specifications of error. However, defendant has only briefed one assignment, that dealing with the trial court’s ruling allowing evidence obtained from a warrantless search to be admitted at trial. As the other assignments were neither briefed nor argued, they are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La.1982); Uniform Rules of the Courts of Appeal, Rule 2-12.4.
BACKGROUND FACTS
Detectives Edward N. Engolio, Jr., and Brett Stassi of the Iberville Parish Sheriff’s Office went to the defendant’s residence to investigate an anonymous telephone tip. The anonymous informant stated that defendant was growing marijuana under a willow tree in his backyard.
When the detectives arrived at defendant’s residence, they saw him working on a car on the vacant lot beside his house. The detectives approached defendant and Engo-lio informed him of the telephone tip they had received. At this point, Engolio read defendant his general Miranda rights before any further discussion.
Immediately after Engolio finished reading defendant his rights, Stassi told Engolio that he could see the marijuana plants some ten to fifteen yards from where they were standing on the vacant lot. The marijuana was growing in an open box underneath a willow tree in defendant’s backyard, exactly as indicated by the telephone tip. The marijuana was not obstructed, hidden, or camouflaged and was easily seen.
The defendant was then placed under arrest, and in response to questions, admitted that the marijuana was his. The detectives photographed the marijuana and then picked it for evidence.
Defendant’s motion to suppress the evidence was denied by the trial judge, who stated that the evidence was admissible under the “plain view” exception to the search warrant requirement. On appeal, defendant contends that the “plain view” doctrine is inapplicable, relying on State v. Fearn, 345 So.2d 468 (La.1977).
EXPECTATION OF PRIVACY
Defendant contends that the actions of the detectives constitute an illegal search and seizure in violation of the Fourth Amendment. We must examine the actions of the detectives under the particular circumstances and determine whether their presence violated defendant’s privacy. For it is defendant’s right to privacy, not a specific place, which is protected by the *595 Fourth Amendment. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Nine, 315 So.2d 667 (La.1975).
The central question is whether, under the circumstances, the defendant had a legitimate expectation of privacy in the cultivation of the marijuana in his backyard. The test by which a person’s “expectation of privacy” is measured is twofold; first, that a person has exhibited an actual subjective expectation of privacy and, second, that the expectation be one that society is prepared to recognize as reasonable. State v. Dupuis, 378 So.2d 934 (La.1979), cert. denied, 446 U.S. 993, 100 S.Ct. 2980, 64 L.Ed.2d 850, 449 U.S. 828, 101 S.Ct. 93, 66 L.Ed.2d 32; State v. Lamartiniere, 362 So.2d 526 (La.1978). If it is determined that the accused has no reasonable expectation of privacy in the area invaded, neither a warrant nor an exception to the warrant requirement is needed for the seized evidence to be admissible. State v. Ford, 379 So.2d 729 (La.1980).
In the instant case, the defendant was growing marijuana in an open box beneath a willow tree in his backyard. The marijuana plants were not hidden or obstructed, and were easily seen by passersby. There is no evidence that defendant had taken steps to exclude the area from the public. Thus, he had not exhibited any subjective expectation of privacy by his activities. State v. Dupuis, supra.
The case of State v. Fearn, supra, is distinguishable on its facts and is inapplicable. In Fearn, the court ruled that the defendant had a reasonable expectation of privacy in growing marijuana in his backyard. There, the defendant had planted marijuana in a ditch behind his house. The marijuana plants were screened from view by other weeds growing in the ditch, and were identifiable only from a short distance. The plants were not openly displayed to public view as in our facts.
Therefore, we find that under the circumstances, defendant had no legitimate expectation of privacy in his marijuana-growing activity. What a person knowingly exposes to the public is not a subject of Fourth Amendment protection. Katz v. United States, supra. Thus, the protection of the Fourth Amendment does not apply, and the applicability of the plain view doctrine is pretermitted, as no exception to the warrant requirement is necessary to justify admission of the evidence.
DECREE
For the above expressed reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.