**The STATE of Ohio, Appellee,**

**v.**

**CURTO, Appellant.**

[Cite as *State v. Curto* (1991), 73 Ohio App.3d 16.]

Court of Appeals of Ohio,
Summit County.

No. 14907.

Decided April 10, 1991.

*Lynn Slaby,* Prosecuting Attorney, for appellee.

*Thomas W. Kostoff,* for appellant.

BAIRD, Judge.

This cause comes before the court upon the appeal of Scotty L. Curto from his conviction for trafficking in drugs in violation of R.C. 2925.03(A)(3). We affirm.

On September 20, 1990, appellant was indicted by the Summit County Grand Jury on a charge of trafficking. On October 22, 1990, after entering a plea of not guilty to the offense charged, appellant filed a motion to suppress marijuana plants that were seized from his backyard, as well as a motion to suppress statements made by him to the Akron police. On November 21, 1990, the trial court held a hearing on appellant's motions. The state presented only one witness at the hearing, Akron Police Detective Charles Brown.

Detective Brown testified that he had been informed by a city of Akron dog catcher that there was marijuana growing in appellant's backyard. Based on the information given him by the dog catcher, Detective Brown and two other police officers proceeded to appellant's house. Detective Brown testified that, while standing on the public sidewalk next to appellant's driveway, he could see the tops of marijuana plants in appellant's backyard. He could also observe the plant tops while standing in a public street that ran perpendicular to the street on which appellant lived.

Detective Brown and another officer then knocked upon the door of appellant's house. Receiving no answer, the officers entered appellant's backyard. The officer then seized twenty-one marijuana plants, ranging in height from ten to twelve feet. Neither officer secured a warrant prior to the seizure, nor did appellant, appellant's wife, or appellant's landlord grant them permission to enter the backyard.

The following day, appellant and his wife went to the police station for questioning. After receiving his *Miranda* warning, appellant denied knowing the marijuana plants were in his backyard. He later admitted that he did know they were there, but left them to grow so he could see how tall they would get.

At the suppression hearing, Detective Brown denied threatening appellant with the arrest of his wife in order to obtain appellant's statements. He also denied threatening to remove appellant's son from the couple's home. Detective Brown did admit telling appellant that he would arrest him if appellant admitted knowledge of the plants being in his backyard.

Upon consideration of the testimony offered at the suppression hearing, the trial court denied both of appellant's motions. On November 26, 1990, appellant entered a plea of no contest to the charge of trafficking in drugs.

The trial court found appellant guilty and sentenced him accordingly. He now appeals and raises two assignments of error.

### Assignment of Error I

"The trial court committed error in failing to grant appellant's motion to suppress all evidence seized as a result of the warrantless search of appellant's premises in violation of appellant's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution."

Appellant argues that the police required a warrant to seize the marijuana in his backyard and, in the absence of exigent circumstances, the seized evidence must be suppressed. We disagree.

■ To succeed in his claim that the seized evidence must be suppressed, appellant must demonstrate that he had a legitimate expectation of privacy in the area searched. *Rawlings v. Kentucky* (1980), 448 U.S. 98, 104, 100 S.Ct. 2556, 2561, 65 L.Ed.2d 633, 641. "The Fourth Amendment protects legitimate expectations of privacy rather than simply places. If the inspection by police does not intrude upon a legitimate expectation of privacy, there is no 'search' subject to the Warrant Clause." *Illinois v. Andreas* (1983), 463 U.S. 765, 771, 103 S.Ct. 3319, 3324, 77 L.Ed.2d 1003, 1010.

■ In the case at bar, Officer Brown testified that the tops of the marijuana plants were plainly visible from both a public sidewalk and a public street. Appellant cannot claim a legitimate expectation of privacy in marijuana plants that could be so easily viewed by the public. *Katz v. United States* (1967), 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576. "What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection." *Id.* at 351, 88 S.Ct. at 511, 19 L.Ed.2d at 582.

Because the marijuana plants were exposed to the public, appellant cannot claim a privacy interest was violated by the seizure. Thus, no warrant was required for the seizure. Appellant's first assignment of error is overruled.

### Assignment of Error II

"The trial court committed error in failing to grant appellant's motion to suppress all evidence obtained as a result of an involuntary statement made by the appellant to law enforcement officers in violation of appellant's rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

■ Appellant contends that his statements to the police should have been suppressed, because he was coerced into making his statement by Detective Brown's threats regarding appellant's wife and child.

We note that neither appellant nor his wife testified as to these alleged threats at the suppression hearing. The only information regarding these threats was the inference raised by appellant's counsel during the cross-examination of Detective Brown. Detective Brown denied making such threats.

Based on the evidence presented on the issue at the suppression hearing, the trial court did not err by finding that appellant's statements were voluntary and denying appellant's motions to suppress those statements. Appellant's second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and REECE, J., concur.