740 So.2d 698 (1999)
STATE of Louisiana
v.
Edward W. PAULSON.
No. 98 KA 1854.
Court of Appeal of Louisiana, First Circuit.
May 18, 1999.
*699 Walter P. Reed, District Attorney, Covington, and Dorothy Pendergrast, Metairie, for Appellee State of Louisiana.
William M. Magee, Covington, for Appellant Edward W. Paulson.
Before: FOIL, KUHN and WEIMER, JJ.
FOIL, J.
Defendant, Edward W. Paulson, was charged by bill of information with production of marijuana, a violation of La. R.S. 40:966 A.[1] He pled not guilty and filed pretrial motions. After a hearing, the trial court denied defendant's motion to suppress the physical evidence. Defendant then withdrew his plea and pled guilty to the charged offense and reserved his rights to appeal pursuant to State v. Crosby, 338 So.2d 584 (La.1976). He now appeals, urging as his sole assignment of error that the physical evidence was obtained as a result of a warrantless and illegal search and should have been suppressed.

FACTS
On April 2, 1997, three Louisiana State Troopers, acting on a tip from a confidential informant, went to the residence of Edward Paulson and Betty Wolfe, who were allegedly growing marijuana there. According to Trooper Michael Haight, the troopers did not have a search warrant because "there was not enough probable *700 cause to get a warrant." Trooper Haight indicated that he did intend to ask for permission to search the property. He knocked on the door, which was answered by Ms. Wolfe. The trooper asked for the "man of the house," and Mr. Paulson came to door.
During this time, Trooper Devin Devall remained in or near his truck, which was parked last in the driveway behind the two vehicles of the other troopers. He observed two small garden plots of plants in the left side of the front yard, 30 to 50 yards away, which he believed were marijuana. Devall testified that nothing distracted his view except for a green meshtype material on top of some plants in a black pot. From his experience, Trooper Devall knew that this material was used to camouflage marijuana plants. He got some binoculars out of his truck to look at the plants, but he was unable to positively determine whether the plants were marijuana. When Devall walked closer to the plants, he observed that the first plot contained tomato plants, but he discovered marijuana in the second plot. Trooper Devall admitted that there was a board fence around the perimeter of the residence and property. He admitted that this fence prevented the marijuana plants from being seen from the public road, but he did not recall seeing a board fence between the driveway and the plots.
Trooper Haight testified that when he went to defendant's residence, there were no "keep out" signs, and there was no fence or gate to stop the troopers from pulling into the driveway. While Haight was speaking to Mr. Paulson, Trooper Devall approached and advised him that there were marijuana plants at the location. Trooper Haight further testified that he did not remember a board fence between the driveway and the plots, but admitted that the plants could not be seen from the public road. He further stated that defendant asked for a search warrant and stated that he would not allow a search without a warrant.
The defense exhibits admitted during the hearing show a fence surrounding the yard near the plots. Contrary to defendant's assertions as to the type of fence, the exhibits show that the actual fence was a rail-type that did not block the view of the plots by anyone in the driveway or in the front yard of the residence.
The trial judge denied the motion to suppress and gave oral reasons. In his reasons, the judge reviewed the facts and noted that Trooper Devall testified that he could see marijuana plants in plain view. The judge concluded that Trooper Devall entered the property through a non-gated, open fence to investigate a report of marijuana cultivation and that he had a right to be at the location when he saw the marijuana in plain view.

DISCUSSION
Defendant argues that the state troopers conducted a warrantless and illegal search of the yard outside his home. Defendant also contends that there was no justification for the troopers' intrusion onto his private property which was blocked from view of the public road by a board fence. The state argues that the troopers entered through the unblocked driveway and had a right to be on the property when the marijuana was seen in plain view.
It is well established that the Fourth Amendment protects people, not simply places, against unreasonable searches and seizures. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Hines, 323 So.2d 449, 450 (La.1975). The crucial question in cases such as this is whether or not there is a legitimate expectation of privacy. United States v. Miller, 425 U.S. 435, 96 S.Ct. 1619, 48 L.Ed.2d 71 (1976); State v. Hines, 323 So.2d at 450.
Both the Fourth Amendment of the United States Constitution and Article 1, § 5 of the Louisiana Constitution protect only reasonable expectations of privacy. *701 If it is determined that the accused has no reasonable expectation of privacy in the area invaded, neither a warrant nor an exception to the warrant requirement is needed for the seized evidence to be admissible. State v. Ford, 379 So.2d 729, 730 (La.1980); State v. Lee, 439 So.2d 593, 594 (La.App. 1st Cir.1983).
The test by which a person's "expectation of privacy" is measured is twofold: first, the person must exhibit an actual subjective expectation of privacy and, second, the expectation must be one that society is prepared to recognize as reasonable. State v. Dupuis, 378 So.2d 934, 937 (La.1979) cert. dismissed, 446 U.S. 993, 100 S.Ct. 2980, 64 L.Ed.2d 850, cert. denied, 449 U.S. 828, 101 S.Ct. 93, 94, 66 L.Ed.2d 32 (1980).
In the instant case, defendant was growing marijuana in garden plots in his front yard. Although the yard and marijuana plants could not be seen from the public road because of a wooden fence around the property, the home and property were accessible through a non-gated driveway. Once in the driveway, the marijuana plants could be seen by anyone who had entered the property. There was no evidence that defendant took measures to prevent people from entering the yard through the driveway and approaching the home. Thus, defendant did not have a reasonable expectation of privacy in his activities. See State v. Lee, 439 So.2d at 594-595.
This case is distinguishable from State v. Fearn, 345 So.2d 468 (La.1977), in which the Louisiana Supreme Court ruled that the defendant had a reasonable expectation of privacy in growing marijuana in his backyard. In that case, the defendant planted marijuana in a ditch behind his house. The plants were screened from view by other weeds and were not openly displayed to public view. There is no question that the defendant in Fearn took every possible precaution to hide the marijuana. On the contrary, in the instant case it cannot be said defendant took such precautions to ensure a reasonable expectation of privacy. Defendant may have had a subjective expectation of privacy but certainly not a reasonable one. Any person, including mail carriers, delivery people, or neighbors, could have entered defendant's property and observed the marijuana.
Therefore, we find that under the circumstances, defendant had no legitimate expectation of privacy in his marijuana-growing activity. What a person knowingly exposes to the public is not a subject of Fourth Amendment protection. See Katz v. United States, 389 U.S. at 351, 88 S.Ct. at 511; State v. Freeman, 503 So.2d 501, 506 (La.App. 4th Cir.1987), writ denied, 551 So.2d 628 (La.1989). Thus, the protection of the Fourth Amendment does not apply, and the applicability of the plain view doctrine is pretermitted, as no exception to the warrant requirement is necessary to justify admission of the evidence. See State v. Lee, 439 So.2d at 594-595. Consequently, we find that the trial court properly denied the motion to suppress. Defendant's assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] A co-defendant, Betty J. Wolfe, was charged in the same bill of information. She pled guilty to possession of marijuana and raised the identical issue presented here in her appeal, the companion case of State v. Wolfe, 98 KA 1853, 740 So.2d 701 (La.App.lst Cir. 1999), also decided this date.