JUDE G. GRAVOIS, Judge.
|2The defendant, Joesia Wilson, III, pled guilty to possession with intent to distribute heroin in violation of LSA-R.S. 40:966 A, reserving his right to appeal the trial court’s denial of his Motion to Suppress. For the reasons that follow, we find no error in the trial court’s denial of that motion and affirm the defendant’s conviction.

FACTS

The following facts are taken from the hearing held on the defendant’s Motion to Suppress. At that hearing, Detective Julio Alvarado of the Jefferson Parish Sheriffs Office (“JPSO”) testified that as a result of reports of narcotics activity, a controlled purchase was set up in which a reliable confidential informant purchased narcotics from Javanna Houston at the residence located at 425 Eisman [ ^Street in Marrero, Louisiana. Based on the drug buy, the detective obtained a search warrant for that residence.
Detective Alvarado testified that prior to the search warrant being executed on May 4, 2009, another JPSO Deputy, Agent Morris, performed visual surveillance of 425 Eisman Street. Agent Morris observed a man later identified as the defendant walk down the front steps of 425 Eisman Street while carrying a black garment. The defendant carried the garment toward the back yard of the residence. About one minute or so later, the defendant walked back to the front of the house without the garment, and sat on the porch.
Detective Alvarado testified that the defendant was still on the front porch when he and other officers arrived at 425 Eis-man Street to execute the search warrant. *377 Detective Alvarado explained that he made contact with the defendant, while other agents entered the house. Ms. Houston, another female, and a male were inside. All four subjects were brought into the living room, shown the search warrant, and advised of their Miranda[1] rights.
In their search of the house at 425 Eis-man Street, the officers located and seized a partially smoked hand-rolled cigarette containing green vegetable matter that later tested positive for marijuana. They also found digital scales, a razor, and plastic sandwich bags from which the corners were missing. Detective Alvarado testified that when he asked the defendant about the marijuana cigarette, the defendant replied that he had smoked the cigarette, but that it did not belong to him.
Detective Alvarado testified that officers went into the back yard of the residence to look for the black garment Agent Morris had seen the defendant carrying. They did not find anything of evidentiary value in the yard of 425 I^Eisman Street. The officers walked the perimeter of property next door bearing the address of 427 Eis-man Street. Detective Alvarado testified that the house at 427 Eisman Street was vacant, explaining that there was no furniture inside, there were no curtains on the windows, and there were no cars parked outside. A neighbor told the officers that the house had been abandoned, and that no one had lived there since August of 2005. The neighbor had seen people entering the backyard of the residence at 427 Eisman Street by jumping over the four-foot high chain link fence.
Detective Alvarado testified that in an effort to locate the black garment that the defendant was observed to carry into the back yard, another JPSO Deputy, Detective Zeigler, opened the door to a water heater shed in the back yard of the residence at 427 Eisman Street and saw a “balled up” black shirt lying on the ground inside of the shed. Detective Zeigler showed the shirt to Detective Alvarado, who opened the shirt revealing a semiautomatic Glock pistol and a clear plastic bag containing rice and 99 tiny squares of aluminum foil. A computer check showed that the gun was stolen.
Detective Alvarado testified that when the defendant was placed under arrest for possession of a stolen gun and possession of marijuana, he stated that the officers never saw him with the black shirt. After the contents of the foil packets tested positive for the presence of heroin, the defendant was charged with possession with intent to distribute heroin.
At the conclusion of the hearing, the trial judge denied the defendant’s Motion to Suppress. The defendant later withdrew his plea of not guilty and entered a guilty plea to possession with intent to distribute heroin,[2] reserving his right to appeal the trial court’s denial of his Motion to Suppress the evidence ^pursuant to State v. Crosby, 338 So.2d 584 (La.1976).[3] This timely appeal followed.

LAW AND DISCUSSION

On appeal, the defendant contends that the trial court erred in denying his Motion to Suppress the evidence because the evidence seized was the result of an illegal *378 arrest and search. The defendant argues that the search of 427 Eisman Street that led to the discovery of the heroin was illegal since the search warrant only authorized a search of 425 Eisman Street, and no warrantless search exceptions applied to the search of 427 Eisman Street. The State responds that the seizure of the heroin was lawful under the “abandoned evidence” exception to the exclusionary rule, since the defendant abandoned the contraband in an unlocked shed on vacant property. The State further argues that the defendant had no reasonable expectation of privacy with respect to the abandoned shed behind the residence at 427 Eisman Street.
The Fourth Amendment to the United States Constitution protects “the right of the people to be secure in their ... houses ... against unreasonable searches and seizures.” Similarly, Article I, § 5 of the Louisiana Constitution protects the right of every individual “to be secure in his person, property, communications, houses, papers, and effects against unreasonable searches, seizures, or invasions of privacy.” A search or seizure conducted without a warrant issued upon probable cause is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62, 65 (La.1993). The State | fibears the burden of proving that the seizure of evidence in the absence of a warrant is lawful. La.C. Cr. P. art. 703 D.
The protections from unreasonable searches and seizures under the Fourth Amendment and Article I, § 5 of the Louisiana Constitution apply only if the defendant seeking to invoke them has a reasonable expectation of privacy in the place searched. See, State v. Carter, 10-0082, p. 5 (La.App. 4 Cir. 5/10/10), 38 So.3d 1092, 1096; State v. Paulson, 98-1854, p. 4 (La.App. 1 Cir. 5/18/99), 740 So.2d 698, 700-01.
Whether a defendant has a constitutionally protected expectation of privacy involves a two-part inquiry. A defendant must first show he has a reasonable expectation of privacy in the area searched for the items seized. Second, a defendant must show that society is prepared to accept the expectation of privacy as objectively reasonable. State v. Ragsdale, 381 So.2d 492, 497 (La.1980).
The defendant argues that the police officers did not lawfully enter the shed, as they had neither probable cause nor exigent circumstances. As the defendant points out, the search warrant authorized a search of the residence at 425 Eisman Street, but did not extend that authority to the house at 427 Eisman Street. We find no merit to this argument.
In State v. Carter, supra, officers responding to a suspicious persons call were directed to an abandoned residence in which they found the defendant and a second man. The two men were in possession of a nylon bag containing items they later learned had been taken in a burglary. Both men denied ownership of the bag and its contents. Id. at 3, 38 So.3d at 1095. After the burglary victim identified the items as belonging to him, the defendant and his companion were arrested and charged with possession of stolen things. On appeal, the defendant argued the trial court erred in denying his motion to suppress the evidence, arguing the officers did |7not have a legal basis to enter the house. The Fourth Circuit found the officers’ entry was justified because they reasonably believed the residence was abandoned, considering the general destruction in that area in the aftermath of Hurricane Katrina. Once inside the house, the officers observed the bag that contained the stolen *379 items. Since both the defendant and his companion denied ownership of the bag, they effectively abandoned it, and the officers were justified in seizing it. Additionally, the defendant did not have a reasonable expectation of privacy in the bag that he admitted to officers did not belong to him. Id. at 7, 38 So.3d at 1097.
In State v. Harper, 27,278 (La.App. 2 Cir. 8/23/95), 660 So.2d 537, 547, writ denied, 95-2318 (La.1/12/96), 666 So.2d 320, the defendant hid a gun used in the commission of a crime by wrapping it in a shirt and placing it in tall grass in his neighbor’s back yard. The gun was recovered by police when they conducted a warrantless search of the yard. Id., 27, 278 at 7, 660 So.2d at 542. The court concluded that the search was permissible because the gun had been abandoned, reasoning, “[w]hen property has been abandoned, a person’s property interest in it lapses, and there is no further reasonable expectation of privacy, so property may be searched and seized without normally requiring a search warrant.” Id., 95-2318 at 17, 660 So.2d at 547.
Similarly, in State v. Fielding, 37,943 (La.App. 2 Cir. 12/10/03), 862 So.2d 420, police officers conducting a homicide investigation learned that the defendant, who was a suspect, frequently stayed in one of several abandoned houses near the scene of the crime. Additionally, a friend of the defendant informed the officers that the defendant possessed a gun that could possibly be located in one of those abandoned houses. Id., 37,943 at 15, 862 So.2d at 430. Acting on that information, the police began a search of the abandoned houses in the area and found the murder weapon hidden behind the cushion of a recliner. The court found |sthat probable cause existed to search the houses and that the trial court had properly denied the motion to suppress the evidence because the defendant had left the gun in an abandoned house that did not belong to him. Id., 37,943 at 14-15, 862 So.2d at 430.
Likewise, we find that the officers in this instance were justified in entering the shed because they reasonably believed the residence at 427 Eisman Street was abandoned. In the instant case, the defendant failed to meet his burden of showing that he had a reasonable expectation of privacy in the abandoned shed behind 427 Eisman Street. Detective Alvarado testified that his examination of the residence from the outside revealed there were no curtains on the windows, no furniture inside the house, and no vehicles parked outside of the house. Further, a neighbor approached the officers and informed them that no one had lived in the house for years. The defendant did not present any evidence to dispute the State’s characterization of the residence at 427 Eisman Street as abandoned. The defendant did not show that he lived at that address, or that he had the permission of the home’s owners to use the house or the shed. Thus, we find no merit to the defendant’s argument that the search of the shed at 427 Eisman Street was illegal.
Additionally, the defendant abandoned the heroin when he left it in a shed on abandoned property. If property is abandoned prior to any unlawful intrusion into a citizen’s right to be free from governmental interference, it may lawfully be seized. State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Ayche, 07-753, p. 8 (La.App. 5 Cir. 3/11/08), 978 So.2d 1143, 1149. In such cases, there is no expectation of privacy, and thus no violation of a person’s custodial rights. Belton, supra. It is only when a defendant is stopped without reasonable cause that the “right to be left | ¡¡alone” is violated, thereby rendering the seizure of *380 any abandoned property unlawful. Id.; Ayehe, 07-753 at 8-9, 978 So.2d at 1149.
In the case at bar, there was no unlawful intrusion of the defendant’s rights before he abandoned the heroin in the shed. The defendant was observed to carry the black garment in which the heroin packets were wrapped in the general direction of the back yard area where the shed was located. The defendant was apparently unaware of the police presence at that time, so his abandonment of the contraband was not prompted by the threat of police interference. Accordingly, we find no merit to the defendant’s argument that the heroin was improperly seized from the shed.
The defendant further contends that his arrest at the scene was illegal, as it was not based on probable cause. We disagree. Agent Alvarado testified that he was involved in the confidential informant’s controlled buy of narcotics at 425 Eisman Street. From a concealed position, officers witnessed a hand-to-hand exchange between an occupant of the house and the confidential informant. The informant purchased a $50 rock of crack cocaine and gave it to Alvarado at a predetermined location. Based on the controlled buy, the officers were able to obtain the search warrant for 425 Eisman Street. During the execution of the warrant, the defendant admitted to smoking a marijuana cigarette that was found in the residence. Thus, the officers had probable cause to arrest the defendant for possession of marijuana.
Additionally, prior to executing the search warrant, the defendant was observed taking a black garment to the area in back of 425 Eisman Street. The officers’ knowledge that narcotics were being sold at 425 Eisman Street was sufficient to give them reasonable suspicion that there was contraband concealed in the black garment. The officers’ subsequent discovery of the stolen gun wrapped hpinside the same black shirt gave them probable cause to arrest the defendant for possession of the stolen gun. Thus, the defendant’s argument that his arrest at the scene was illegal is without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Wetland, 556 So.2d 175 (La.App. 5 Cir. 1990). The review reveals no errors patent in this case.

CONCLUSION

For the foregoing reasons, we find no error in the trial court’s denial of the defendant’s Motion to Suppress the Evidence. Accordingly, the defendant’s conviction is affirmed.

AFFIRMED.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The defendant also entered a guilty plea to the charge of possession of marijuana but that conviction is not the subject of this appeal.

.The district court sentenced the defendant to seven years at hard labor, the first five of which would be served without benefit of probation or suspension of sentence. The judge ordered that the sentence run concurrently with all other sentences imposed on the defendant in that division of court.