

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00195-CR

---

STEVEN ROCKWELL LOWERY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 64,196-D, Honorable Don R. Emerson, Presiding

---

January 29, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Steven Rockwell Lowery appeals his conviction for possession of marijuana and resulting sentence of confinement in a state jail for six months, fine of $1,500, and restitution of $140. Through a single issue appellant challenges the trial court's order overruling his pretrial motion to suppress evidence. We will affirm.

Background

The Amarillo Police Department received an anonymous tip that marijuana was growing in the area of a residential address in Amarillo. Officers were dispatched to investigate.

Reaching the address, the officers found a manufactured home with a shed to the rear. They parked their vehicles in front of the property next door. An officer saw appellant walking from the back of the manufactured home toward the back of the shed. Believing appellant was a resident of the manufactured home, the officers approached him to make contact. He stood near growing plants. As the officers reached appellant they recognized some of the plants were marijuana. Appellant volunteered that the marijuana plants were his.

It developed that appellant lived in the shed.[1] Appellant received the *Miranda*[2] warnings and gave consent to search the shed. An officer found marijuana at several locations in the shed. Police seized items found in the shed along with six marijuana plants.

Appellant filed a pretrial motion to suppress evidence which the trial court denied after a hearing. Findings of fact and conclusions of law were filed. Appellant plead guilty to the charged offense, retaining the right to challenge the trial court's suppression

---

[1] Other individuals occupied the manufactured home.

[2] *Miranda v. Arizona,* 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

ruling on appeal.[3]  The court then assessed punishment according to the parties' bargained recommendation.  This appeal followed.

Analysis

Through his sole issue on appeal appellant asserts the trial court reversibly erred by failing to grant appellant's motion to suppress because the officers were trespassing when they contacted appellant and discovered the marijuana plants.

Our review of an order denying a motion to suppress is under the abuse of discretion standard.  *Shepherd v. State,* 273 S.W.3d 681, 684 (Tex. Crim. App. 2008) (citing *State v. Dixon,* 206 S.W.3d 587, 590 (Tex. Crim. App. 2006)).  In so doing, we afford "almost total deference to a trial court's express or implied determinations of historical facts [while] review[ing] de novo the court's application of the law of search and seizure to those facts."  *Id.*  We view the evidence in the light most favorable to the ruling of the trial court.  *Wiede v. State,* 214 S.W.3d 17, 24 (Tex. Crim. App. 2007) (quoting *State v. Kelly,* 204 S.W.3d 808, 818 (Tex. Crim. App. 2006)).

---

[3] Concerning preservation of appellant's complaint, the record does not contain a signed order denying appellant's motion to suppress.  However, based on the trial court's detailed findings of fact and conclusions of law, a docket sheet entry concerning the motion that states "motion denied," and the trial court's certification of appellant's right to appeal matters raised by a "written motion filed and ruled on before trial," we conclude appellant's motion was implicitly denied and the complaint thus preserved. *See* TEX. R. APP. P. 33.1(a); *Montanez v. State,* 195 S.W.3d 101, 104 (Tex. Crim. App. 2006) (holding trial court "implicitly" ruled on motion to suppress under appellate rule 33.1(a) as record indicated trial court took motion to suppress under advisement, docket sheet stated "appeal preserved as to issues presented," and notice of appeal contained trial court's certification of defendant's right to appeal on matters "raised by motion and ruled on prior to trial"); *Flores v. State,* 888 S.W.2d 193, 196 (Tex. App.—Houston [1st Dist.] 1994, pet. refused) (holding signed docket entry evidenced trial court's ruling on motion to suppress and was sufficient to preserve error).

Based on the substance of appellant's motion to suppress and the arguments of the parties to the trial court, the issues for determination at the suppression hearing were whether the officers trespassed on the curtilage of appellant's residence and whether appellant had a reasonable expectation of privacy in the location of the growing marijuana. Because the officers did not first obtain a search warrant, the State assumed the burden of proof at the suppression hearing as to appellant's Fourth Amendment complaint. *Sieffert v. State,* 290 S.W.3d 478, 484 & n.8 (Tex. App.—Amarillo 2009, no pet.) (citing *Bishop v. State,* 85 S.W.3d 819, 822 (Tex. Crim. App. 2002)).

Trespassory Invasion of a Constitutionally Protected Space

The Fourth Amendment provides "[t]he right of people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." U.S. CONST. amend. IV. In *United States v. Jones,* 132 S.Ct. 945, 181 L.Ed.2d 911 (2012) the Supreme Court explained that the "reasonable expectation of privacy" formulation of Fourth Amendment protection stated in *Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) adds to, and does not provide a substitute for, that Amendment's protection against governmental trespasses. *Jones,* 132 S.Ct. at 952. It reiterated this precept in *Florida v. Jardines*, 133 S.Ct. 1409, 1414, 185 L.Ed.2d 495 (2013); *see State v. Granville,* 423 S.W.3d 399, 407 n.22 (Tex. Crim. App. 2014). The Court in *Jardines* found a Fourth Amendment violation because a sniff by a drug dog occurred on the front porch of a residence, a location within the curtilage of the home. "[The curtilage] enjoys protection as part of the home itself . . .when it comes to the Fourth Amendment, the home is first among

4

equals." *Jardines*, 133 S.Ct. at 1414. "Curtilage is the area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life." *Oliver v. United States,* 466 U.S. 170, 180, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984).

Extent-of-curtilage questions are generally analyzed under the factors expressed in *United States v. Dunn,* 480 U.S. 294, 301, 107 S.Ct. 1134, 1139, 94 L.Ed.2d 326 (1987) (considering the proximity of the area to the home; the inclusion of the area within an enclosure surrounding the home; the nature of the uses of the area; and steps taken by the resident to protect the area from observation by passersby). However, "these factors are useful analytical tools only to the degree that, in any given case, they bear upon the centrally relevant consideration—whether the area in question is so intimately tied to the home itself that it should be placed under the home's 'umbrella' of Fourth Amendment protection." *Dunn,* 480 U.S. at 301.

The *Dunn* analysis of the area the officers entered to encounter appellant is complicated by several factors, among them the fact appellant's "house" actually was the shed. The trial court's findings of fact do not include findings thoroughly addressing the *Dunn* factors. There was no complaint in the trial court or on appeal of the court's failure to address those factors. Omitted findings of fact are implied in favor of the trial court's ruling if the evidence supports the implied findings. *See Gutierrez v. State,* 221 S.W.3d 680, 687 (Tex. Crim. App. 2007). Given the state of the record we are presented, and the "almost total" deference we must give the trial court's implied determinations of historical fact, we conclude its ruling on this issue was within its discretion.

5

Appellant's Reasonable Expectation of Privacy

"[P]roperty rights are not the sole measure of Fourth Amendment violations" *Jardines,* 133 S.Ct. at 1414; *Katz,* 389 U.S. at 353 ("[T]he reach of that [Fourth] Amendment cannot turn upon the presence or absence of a physical intrusion into any given enclosure"). Specifically, "[t]he *Katz* reasonable-expectations test has been added to . . . the traditional property-based understanding of the Fourth Amendment[.]" *Jardines,* 133 S.Ct. at 1417 (discussing *Katz*) (internal quotation marks and italics omitted). We next consider then whether appellant had a reasonable expectation of privacy in the location of the growing marijuana plants. The touchstone of the *Katz* privacy-based analysis is whether a person has a "constitutionally protected reasonable expectation of privacy." *Oliver,* 466 U.S. at 177. The analysis is two-part: whether the individual manifested a subjective expectation of privacy in the object of the challenged search and whether society is willing to recognize that expectation as reasonable. *California v. Ciraolo,* 476 U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986); *Katz,* 389 U.S. at 361 (Harlan, J., concurring). Thus, "[a] 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984); *see Illinois v. Andreas,* 463 U.S. 765, 771, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983) ("If the inspection by police does not intrude upon a legitimate expectation of privacy, there is no 'search'. . . .").

Here appellant was growing marijuana in a location the trial court found was "clearly visible" from a public alley. Based on the trial court's findings, we find appellant could have no legitimate expectation of privacy in the location of his marijuana-growing

endeavor. *See Katz,* 389 U.S. at 351 ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection"); *Id.* at 361 (Harlan, J., concurring) ("Thus a man's home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the 'plain view' of outsiders are not 'protected' because no intention to keep them to himself has been exhibited"); *McCall v. State,* 540 S.W.2d 717, 720 (Tex. Crim. App. 1976) ("What a person knowingly exposes to the public is not subject to Fourth Amendment protection"); *see also Wilkerson v. State,* 644 S.W.2d 911, 912 (Tex. App.—Fort Worth 1983, pet. refused) (holding defendant could have no reasonable expectation of privacy in backyard marijuana plants visible from the street); *State v. Paulson,* 98-1854 (La. App. 1st Cir. 5/18/99), 740 So.2d 698, 701 (holding defendant had no legitimate expectation of privacy in marijuana plants whose cultivation was visible from the non-gated driveway of his home); *State v. Curto* (1991), 73 Ohio App. 3d 16, 18, 595 N.E.2d 1038, 1040 (holding defendant had no legitimate expectation of privacy in marijuana plants growing in his backyard when tops of plants were visible from a public sidewalk and public street).

Trespassing as a Violation of Law under Article 38.23

Appellant makes passing reference in his brief to the Texas statutory exclusionary rule, article 38.23 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005). But he does not present a clear and concise argument explicating his apparent contention that the officers committed a criminal trespass, or possibly a common-law civil trespass, requiring suppression of any

evidence seized under article 38.23. The argument was thus waived. TEX. R. APP. P. 38.1(i).[4]

Moreover, even had the issue been adequately briefed, we would be unable to sustain it. Assuming that a finding the officers committed a violation of the criminal trespass statute would have required the exclusion of the evidence eventually seized, a holding we do not reach, it was appellant's burden, as the movant for an order suppressing evidence obtained in violation of the law under article 38.23, to produce evidence demonstrating the statutory violation. *State v. Robinson,* 334 S.W.3d 776, 779 (Tex. Crim. App. 2011) (citing *Pham v. State,* 175 S.W.3d 767, 774 (Tex. Crim. App. 2005)). As applied here, proof of a criminal trespass requires proof the violator entered or remained on residential land without effective consent and had notice that entry was forbidden or received notice to depart but failed to do so. TEX. PENAL CODE ANN. § 30.05(a),(1),(2) (West Supp. 2014). "Notice" means: (A) oral or written communication by the owner or someone with apparent authority to act for the owner; (B) fencing or other enclosure obviously designed to exclude intruders . . . ; (C) a sign or signs posted on the property or at the entry to the building, reasonably likely to come to the attention of intruders, indicating that entry is forbidden; (D) identifying paint marks on trees or posts; or (E) the presence of a crop grown for human consumption that is under cultivation, being harvested, or marketed. The officers approached appellant from the front of the property and did not notice his marijuana plants until they contacted

---

[4] Appellant relies heavily on a statement of one of the officers to the effect he assumed the man he was approaching in the area behind the manufactured home was its resident because otherwise the man had no reason for being there. According to appellant the officer described himself as a trespasser at that location, presumably because he was not a resident. The trial court was not required to agree with appellant's characterization of the officer's testimony.

him and saw the contraband. The officers' movement toward appellant was not prevented or deterred by fencing, signs, or communication. The record thus does not demonstrate the officers had notice their entry onto the property was forbidden or were notified to depart but failed to do so. Further, a common law or civil trespass is not a violation of law for the purposes of article 38.23. *Floyd v. State,* No. 07-99-0299-CR, 2001 Tex. App. LEXIS 2818, at *7-10 (Tex. App.—Amarillo Apr. 30, 2001, no pet.) (not designated for publication). Appellant has not demonstrated a violation of the law requiring exclusion of the challenged evidence under article 38.23.

## Conclusion

We overrule appellant's sole issue on appeal and affirm the judgment of the trial court.



James T. Campbell
Justice


Do not publish.

9