Tony Ray **CHILDRESS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–89–00662–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 2, 1990.

Discretionary Review Refused
Nov. 21, 1990.

Walter Boyd, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty. Lester Blizzard and Joe Owmby, Asst. Harris Co. Dist. Attys., for appellee.

Before DUGGAN, HUGHES and PRICE[1], JJ.

## OPINION

PRICE, Justice (Assigned).

This appeal follows a conviction for burglary of a building. After a second offender enhancement status was established at the punishment hearing, the jury imposed imprisonment for 85 years and assessed a fine of $10,000.

The issue facing this Court is whether the trial court erred in refusing to allow appellant to discharge his retained attorney prior to trial. Appellant focuses attention on this issue in two points of error. First, he claims the trial court committed fundamental error in refusing to allow him to discharge his retained attorney and secondly, this refusal was sufficient to justify a presumption of ineffectiveness of counsel, without regard for actual performance.

The record reflects that on September 9, 1987, appellant was arrested and incarcerated on a charge of burglarizing a building that same day. On October 16, the grand jury returned an indictment. On October 27, the case went before the court on a

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

nontrial setting. Appellant expressed his desire to have a trial. The trial court approved an agreement between the State and defense to hear pretrial motions on November 4, and to commence trial on November 9.

On November 4, appellant's trial counsel filed a motion to withdraw as appellant's attorney offering, as grounds, a deterioration of the attorney-client relationship and the failure of appellant's family to honor the employment contract. This motion was heard by the trial court on November 9. During the hearing, appellant stated that he did not want his present attorney to continue representing him, and that no other attorney had been employed to represent him. When asked by the trial court why he no longer desired his attorney to represent him, appellant responded, "Because I feel that he don't file motions." No other reason was given. The trial court overruled trial counsel's motion to withdraw as appellant's attorney.

On November 13 and November 16, appellant's trial attorney filed motions for continuance citing a deterioration of the lawyer-client relationship sufficient to cause appellant to refuse to cooperate with him. Both motions were overruled.

Trial began on November 17. After the jury was selected and impanelled, appellant's attorney brought to the court's attention a letter written by appellant addressed to the trial judge. The letter requested the trial court to discharge his trial counsel because of conflicts between them concerning appellant's options as to how to dispose of his case. After a discussion among appellant, his attorney, and the trial court, appellant's attorney was ordered to continue with trial. At that time, trial counsel assured the trial court that he would perform to the best of his ability under the circumstances.

■ In his first point of error, appellant claims that he had an unqualified right to discharge his attorney prior to trial. In presenting this issue, appellant specifically states in his brief that this is an absolute right and is not contingent upon any desire to proceed pro se, the right to retain another attorney, the right to appointed counsel, the inadequacy of the trial counsel's actual performance, or an independent right of the trial attorney to withdraw of his own volition.

■ It is a fundamental principle of due process that, in all criminal proceedings, the accused shall enjoy the option of having the assistance of counsel for his defense. *Gideon v. Wainwright*, 372 U.S. 335, 342–43, 83 S.Ct. 792, 795–96, 9 L.Ed.2d 799 (1963); *Ex parte Auten*, 458 S.W.2d 466, 468–69 (Tex.Crim.App.1970). This right affords an accused the fair opportunity to secure counsel of his choosing. *Powell v. Alabama*, 287 U.S. 45, 53–54, 53 S.Ct. 55, 77 L.Ed. 158 (1932). However, the right to obtain counsel of one's own choice is neither unqualified nor absolute. *United States v. Barrentine*, 591 F.2d 1069, 1075 (5th Cir.1979). This right cannot be manipulated so as to obstruct the orderly procedure in the courts and must be balanced with a trial court's need for prompt and efficient administration of justice. *Thompson v. State*, 447 S.W.2d 920, 921 (Tex.Crim.App.1969); *Estrada v. State*, 406 S.W.2d 448, 449 (Tex.Crim.App.1966).

In reviewing the evidence introduced in this case, the only reasons given by appellant for wanting his trial counsel dismissed were because his attorney did not file motions and appellant felt that he would not give his best effort. Appellant's desire was made known to the trial court for the first time in a motion filed November 4. Trial on the merits was scheduled to begin November 9. Trial did not commence until November 17. At no time was the trial judge notified that another attorney had been employed or that any particular attorney was even contemplating employment.

Apparently the trial court's docket was sufficiently current to accommodate trials within such short periods of time. Appellant severely criticizes the trial judge for moving cases to trial too quickly, claiming it distorts the attorney-client relationship. Perhaps the trial court should be commended for keeping a current docket. After all, an accused is not the only entity entitled to a speedy trial. It must be remembered that the public's interest in the fair and

orderly administration of justice may be greater than a defendant's right to have counsel of his choice. *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir.1979).

We find that a defendant does not have an absolute right to discharge an attorney without cause when it conflicts with the orderly process of justice. An accused carries the burden of proving that he is entitled to a change of counsel. *King v. State*, 511 S.W.2d 32, 34 (Tex.Crim.App. 1974); *Gleffe v. State*, 501 S.W.2d 672, 673 (Tex.Crim.App.1973); *Williams v. State*, 493 S.W.2d 863, 865 (Tex.Crim.App.1973); *Smith v. State*, 493 S.W.2d 154, 155–56 (Tex.Crim.App.1973). Nowhere does the record reflect any bad faith, insincerity, or disloyalty towards appellant by his trial attorney. *See, e.g., Keys v. State*, 486 S.W.2d 958, 959 (Tex.Crim.App.1972). We therefore hold that the trial judge did not abuse his discretion in refusing to discharge appellant's trial counsel. Appellant's first point of error is overruled.

Appellant's second point of error claims that he was denied the effective assistance of counsel because, under the circumstances, it was unlikely that he could have received the effective assistance of counsel. Appellant's claim does not attack trial counsel's actual performance, but instead focuses on a presumed ineffectiveness created by the circumstances surrounding the trial court's refusal to discharge appellant's trial attorney. The claimed circumstances include appellant's desire to discharge his attorney, the attorney's desire to withdraw from the case, the attorney's claim of lack of preparation and inability to defend because of appellant's failure to cooperate, and the trial judge forcing a quick trial. For authority, appellant relies on *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

The Supreme Court recognizes that in certain limited situations the adversarial process itself is presumptively unreliable, and no specific showing of prejudice is necessary. The Court has uniformly found constitutional error without any showing of prejudice when counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding. *Geders v. United States*, 425 U.S. 80, 89–90, 96 S.Ct. 1330, 1335–36, 47 L.Ed.2d 592 (1976); *Herring v. New York*, 422 U.S. 853, 863, 95 S.Ct. 2550, 2555, 45 L.Ed.2d 593 (1975); *Brooks v. Tennessee*, 406 U.S. 605, 612–13, 92 S.Ct. 1891, 1895–96, 32 L.Ed.2d 358 (1972). Similarly, if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, the accused's sixth amendment right to effectiveness is presumptively prejudiced. *Davis v. Alaska*, 415 U.S. 308, 317, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974); *Smith v. Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 749, 19 L.Ed.2d 956 (1968). Thus, the appropriate inquiry should focus on the adversarial process, not on the accused's relationship with his lawyer as such. If counsel is a reasonably effective advocate, he meets constitutional standards irrespective of his client's evaluation of his performance.

Appellant makes it clear that he is not challenging his attorney's performance during trial. The record reflects that trial counsel had been representing appellant since September 1987. He reviewed the State's file, discussed the case on several occasions with both the State and his client, and was present during all settings. He dutifully conveyed the State's offer for a plea bargain to his client. The plea bargain was rejected by appellant, and the matter went to trial.

The evidence was overwhelming in favor of guilt. Nevertheless, trial counsel challenged the knowledge of each of the State's witnesses through cross-examination and vigorously argued the case in his client's behalf.

This case does not fall within the narrow spectrum of cases described in *Cronic*. Appellant's attorney was present and participated during all stages of the proceedings and subjected the State's case to meaningful adversarial testing. Appellant's second point of error is overruled. The judgment is affirmed.