Opinion issued August 2, 2007








 






In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00795-CR






PAUL JAMES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 03CR2667 






MEMORANDUM OPINION

 A jury convicted appellant, Paul James, of failure to register as a sexual
offender, and the trial court sentenced him to three years' confinement. See Tex.
Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006). On appeal, appellant
contends that (1) the trial court erred in refusing to allow him to discharge his
retained attorney on the day of trial and (2) his due process rights were violated when
the original registration requirements of his community supervision-deferred
adjudication for a prior charge of indecency with a child were modified without an
order from the trial court. We affirm.

Background

 On February 26, 1996, the trial court deferred adjudication of appellant's guilt
on a charge of indecency with a child and placed appellant under community
supervision for a period of five years. The "Deferred Community Supervision
Judgment" (the "Judgment") stated that appellant was "required under Article 6252
13.c.1, Revised Statutes to register as a Sex Offender with the appropriate law
enforcement agency." (1) The Judgment further provided that "[t]he Court may alter or
revoke Community Supervision for violation of any condition of Community
Supervision. No condition may be altered without written order by this Court . . . ."
Appellant completed the terms of his community supervision in February of 2001,
and the trial court entered an order of discharge, stating that it was "considered,
Ordered and Adjudged by the Court that the Indictment be dismissed and the
Defendant be discharged from said community supervision in this Cause." 

 More than two years after the order of discharge, appellant was indicted for
failing to register as a sexual offender with local law enforcement authorities. 
According to the testimony of Karen Saunders, appellant's community supervision
officer, the law regarding sexual offender registration requirements changed during
the pendency of appellant's community supervision period. Specifically, she testified
that the sexual offender registration statutes were amended so as to require appellant
to register annually with local law enforcement authorities for the remainder of his
life. See Tex. Code Crim. Proc. Ann. art. 62.101(a) (Vernon 2006). While no trial
court order altering the terms of appellant's community supervision was issued,
appellant was notified of the change in the law by Saunders, in writing, and he
acknowledged receipt of the notification of those changes. The record evidence
shows that appellant had last registered with local authorities in July of 2000, more
than three years before he was indicted for the offense of failing to register. 

 Appellant filed a pauper's oath application with the trial court, and Thomas
Wooten was appointed trial counsel pursuant to that application. Later, Wooten filed
a motion to withdraw as counsel, stating that good cause existed because Wooten
prosecuted appellant previously, while serving as an assistant criminal district
attorney. On April 22, 2005, the trial court granted the motion and noted that Gerson
Bloom had been retained to act as appellant's attorney of record. 

 On the morning of trial, appellant moved to dismiss Bloom as his retained
counsel. The following exchange occurred: 

THE COURT: Mr. James, you are--like I said, you are set for trial now. 
We will be picking a jury this afternoon. Do you understand?


[APPELLANT]: . . . I just felt like I was being misrepresented because
I was in Judge Cox's Court. When I went over there, I had a State
attorney and he made an accusation towards me. He told me all black
men belong in monkey suits. So, I ended up getting [Bloom] for an
attorney. And I just feel he's misrepresenting me--misrepresentation. 
Because one time I had to go to child support court and he didn't show
up. And I was there all by myself . . . 

 And I feel that he tell me certain things some days and he
disappear. And I feel I'm being misrepresented. . . .

 The only thing I can call, I called my mom. She say "You need
another attorney. He's not representing you right." 


THE COURT: There's nothing you told me that would cause me to
believe that Mr. Bloom can't represent you in this case. He's been your
attorney for a long time.


. . .


THE COURT: We're set for trial, Mr. James. I don't know what to tell
you. You can't come in here the day of trial and decide you don't want
this attorney. If you can find an attorney to come in here this morning
and do your pretrial motions and pick the jury this afternoon, that's fine.


[APPELLANT]: I can't get justice. I'm telling you. You don't want to
give me another attorney and I'm coming straight in front of the Judge
and telling him.


. . .


. . . I mean, it seems like something should be done now. I mean, if I
feel like I'm not being represented right and he's telling me different
stuff like -me basically, I don't think he worked on the case. I think he
just took my money but- 


THE COURT: All right. The jury panel is coming in at 1:30. If you
want to hire an attorney to be here at 1:30 to pick a jury, that's fine. 
We're set for trial to pick a jury at 1:30. 


As expressed, the trial court found that Bloom should continue unless appellant could
retain a new attorney before voir dire commenced. No motions for continuance were
made, and appellant did not secure a different attorney. Rather, Bloom conducted
voir dire and proceeded to represent appellant throughout trial.

Right to Retain New Trial Counsel

 In his first issue, appellant argues that the trial court erred in refusing to allow
him to discharge his retained attorney on the day of trial. Specifically, appellant
argues that the trial court violated his right to secure the counsel of his choosing when
it found no reason to dismiss appellant's retained attorney, despite appellant's
protestations that he was being misrepresented, and gave appellant a period of only
four hours to hire a different attorney. We disagree. 

Standard of Review

 We review the trial court's denial of appellant's motion to dismiss counsel for
an abuse of discretion. See Childress v. State, 794 S.W.2d 119, 122 (Tex.
App.--Houston [1st Dist.] 1990, pet. ref'd). An abuse of discretion occurs if the trial
court acts without reference to any guiding rules and principles or acts arbitrarily or
unreasonably. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990);
Tyler v. State, 137 S.W.3d 261, 266 (Tex. App.--Houston [1st Dist.] 2004, no pet.).

Analysis

 It is a fundamental principle of due process that, in all criminal proceedings,
the accused shall enjoy the option of having the assistance of counsel for his defense. 
Gideon v. Wainwright, 372 U.S. 335, 342-43, 83 S. Ct. 792, 795-96 (1963). This
right affords an accused the fair opportunity to secure counsel of his choosing. 
Powell v. Alabama, 287 U.S. 45, 53, 53 S. Ct. 55, 58 (1932). However, the right to
obtain counsel of one's choice is neither unqualified nor absolute. Childress, 794
S.W.2d at 121 (citing United States v. Barrentine, 591 F.2d 1069, 1075 (5th Cir.). 
This right cannot be manipulated so as to obstruct the orderly procedure in the courts
and it must be balanced with a trial court's need for prompt and efficient
administration of justice. See id. at 121-22 (holding that defendant did not have
absolute right to discharge retained attorney prior to trial, where defense counsel's
motion to withdraw was made only five days before trial was scheduled to begin, and
record did not reflect any bad faith, insincerity, or disloyalty toward defendant by
defense counsel). An accused carries the burden of proving that he is entitled to a
change of counsel. King v. State, 511 S.W.2d 32, 34 (Tex. Crim. App. 1974).

 Here, appellant gave the following reasons for wanting to discharge his
retained attorney, Bloom: (1) appellant felt he was being misrepresented, (2) Bloom
failed to appear on appellant's behalf at a child support hearing, (3) appellant felt that
Bloom would "tell [him] certain things some days" and then "disappear," (4)
appellant did not think that Bloom had worked on the case, and (5) appellant's mother
believed he needed another attorney. While Bloom had served as appellant's counsel
for more than a year, appellant's wishes were made known to the trial court for the
first time during a pretrial conference on the morning of trial. Jury selection was
scheduled to begin four hours later. Nowhere does the record reflect any bad faith,
insincerity, or disloyalty towards appellant by his trial attorney. We hold that the trial
court did not abuse its discretion in refusing to allow appellant to discharge his
retained counsel on the day of trial. See Childress, 794 S.W.2d at 122. 

 Accordingly, we overrule appellant's first issue. 

Modification of Trial Court Judgment

 In his second issue, appellant argues that his due process rights were violated
when the original registration requirements of his community supervision-deferred
adjudication were modified without an order from the trial court. Specifically,
appellant argues that 

the terms of [his] probation were altered from the original judgment,
without any additional hearing and without any new order of the [c]ourt. 
The period of time during which [appellant] was to register as a sex
offender was established by the [c]ourt by express reference to the code
provision in effect on the date of the judgment. The "new" terms of
[a]ppellant's probation were delivered by an unauthorized employee of
the Galveston County Probation Department not the court. Only the trial
court may alter or modify the conditions of a Defendant's probation. 
Here, the modification of [a]ppellant's probationary requirements was
done without a hearing and was not done by action of the trial court."

 

 To preserve a complaint for appellate review, a party must have presented to
the trial court a timely request, objection, or motion stating the specific grounds for
the ruling desired. Tex. R. App. P. 33.1(a). It is well-established that almost every
right, constitutional and statutory, may be waived by failing to object. See Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of rights under the
Texas Constitution); Curry v. State, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995)
(waiver of rights under the United States Constitution); Curry v. State, 186 S.W.3d
39, 42 (Tex. App.--Houston [1st Dist.] 2005, no pet.) ("Constitutional rights,
including the rights of due process and due course of law, may be waived if the
proper request, objection, or motion is not asserted in the trial court"). Absent
fundamental error, we cannot reverse on grounds of which the trial court was not
made aware. See Boler v. State, 177 S.W.3d 366, 373 (Tex. App.--Houston [1st
Dist.] 2005, pet. ref'd).

 Here, appellant failed to raise his due process challenge in the trial court. That
is, he did not present a "timely request, objection, or motion" to the trial court
complaining of the "modification of [his] probationary requirements . . . without a
hearing" and without the "action of the trial court." Because appellant failed to do
so, he has waived his issue, and nothing is presented for our review. Tex. R. App. P.
33.1(a). 

 According, we overrule appellant's second issue. 




Conclusion

 We affirm the judgment of the trial court.



 George C. Hanks, Jr.

 Justice


Panel consists of Justices Alcala, Hanks, and Price (2)

Do not publish. Tex. R. App. P. 47.2(b).
1. The "Sexual Offender Notification and Certification" form, which was signed by the trial
court on the same date the Judgment was signed, instructed appellant that he was to
"continue to register until [he] discharge[d] [his] Community Supervision or Parole." 
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at
Houston, sitting by assignment.