Opinion filed September 13, 2007
















 
 
  
 
 







 
 
  
 
 




Opinion filed September 13, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00083-CR 

                                                    __________

 

                                   BERNARD WILLIAMS, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                        Midland County, Texas

 

                                               Trial
Court Cause No. CR103,337 

 



 

                                                                   O
P I N I O N

 

Bernard Williams was convicted of misdemeanor
possession of marihuana and was sentenced to 180 days confinement, probated for
one year, and a $500 fine.  Williams
challenges his conviction with two issues, contending that the trial court
abused its discretion by denying his request for trial counsel of his own
choice and by denying his requested reasonable doubt instruction.  We affirm.








Williams was charged with Class B misdemeanor
possession of marihuana on March 20, 2004. 
Williams initially retained counsel, but his counsel was allowed to
withdraw on May 5, 2004.  The record
shows that Williams requested a court-appointed attorney, but it does not
indicate when the request was made.  In
any event, on October 6, 2005, the trial court appointed counsel for him.  Williams=s
trial began on February 13, 2006.

Williams=s
counsel approached the trial court after the venire panel had been seated and
before the start of voir dire.  Counsel
objected to the panel because it did not contain any African Americans.  The trial court overruled Williams=s objection, and counsel requested
permission for Williams to directly address the court.  Williams was allowed to proceed, and the
following transpired: 

[WILLIAMS]: 
Yes, I would like to object to my attorney.  I would like to get another attorney.  

 

THE COURT: 
Okay.  Well, you=ve had B
this case has been on file for two years. 
You had an attorney B
you had an attorney withdraw.  You then
requested of this Court a court-appointed attorney.  I granted that to you.  You don=t
get to choose your court-appointed attorney. 
The Court has appointed one to you.

 

[WILLIAMS]: 
Yeah, I would like to go and hire a different attorney.

 

THE COURT: 
You had the opportunity for two years and you didn=t do so, so that is too B it=s
not timely filed.  So the Court is going
to overrule your request at this time and we=re
going to proceed to trial.

 

The Sixth Amendment guarantees the assistance of
counsel in all criminal proceedings. 
That guarantee includes a qualified right to retain counsel of the
defendant=s own
choosing.  United States v. Hughey,
147 F.3d 423, 428 (5th Cir. 1998).  The
defendant=s right
must be balanced with the trial court=s
need for prompt, orderly, effective, and efficient administration of justice.  Emerson v. State, 756 S.W.2d 364, 369
(Tex. App.CHouston
[14th Dist.] 1988, pet. ref=d).

We review a trial court=s
decision to proceed with the trial for an abuse of discretion.  See Childress v. State, 794 S.W.2d
119, 122 (Tex. App.CHouston
[1st Dist.] 1990, pet. ref=d).  When determining whether to postpone a trial
to afford the defendant an opportunity to obtain counsel of his choice, trial
courts should consider factors such as:

(1) the length of the delay requested,

 

(2) whether other continuances were requested and
whether they were denied or granted,

 








(3) the length of time in which the accused=s counsel had to prepare for trial,

 

(4) whether another competent attorney was prepared to try the
case,

 

(5) the balanced convenience or inconvenience to the witnesses,
the opposing counsel, and the trial court,

 

(6) whether the delay is for legitimate or contrived reasons,

 

(7) whether the case was complex or simple,

 

(8) whether a denial of the motion resulted in some identifiable
harm to the defendant, [and]

 

(9) the quality of legal representation actually provided.

 

Ex parte Windham,
634 S.W.2d 718, 720 (Tex. Crim. App. 1982). 
The application of these factors to the record does not demonstrate an
abuse of discretion.

This was a simple Class B misdemeanor case.  Appointed counsel had been given several
months to prepare, and both the State and Williams had subpoenaed
witnesses.  The court had observed the
quality of appointed counsel=s
performance at a prior suppression hearing, a venire panel had been seated, and
jury selection was set to begin. 
Williams did not offer the trial court a reason for wanting new counsel,
did not explain why he waited until the start of jury selection to make his
request, has not offered this court any reason for his decision or timing, and
did not offer the trial court an explanation for how, even though he had
previously asked for court-appointed counsel, he could now retain counsel.  Finally, as the trial court pointed out, his
case had been on file for two years. The trial court was well within its
discretion to deny Williams=s
request and to proceed with trial.  Issue
one is overruled.

Williams next argues that the trial court erred by
denying his request to include a reasonable doubt definition in the court=s charge.  Williams requested the trial court to include
the instruction previously required by Geesa v. State, 820 S.W.2d 154,
157 (Tex. Crim. App. 1991).  Williams
acknowledges that Geesa was overruled by Paulson v. State, 28
S.W.3d 570, 572 (Tex. Crim. App. 2000). 
He contends, however, that an instruction was needed because several
venire members indicated confusion over the proper definition of reasonable
doubt.








            Paulson not only overruled Geesa by holding
that trial courts were no longer required to include a reasonable doubt
definition in their charge, it was heavily critical of the definition adopted
in Geesa, noting that, A[i]f
a conscientious juror reads the Geesa charge and follows it literally,
he or she will never convict anyone.@  28 S.W.3d at 572.  We need not decide whether circumstances in a
particular trial might require a reasonable doubt definition even over the
objection of a party. Even if the trial court is required to define reasonable
doubt, we cannot say that it would err by refusing to provide an incorrect
definition.  Issue two is overruled.  

 The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

September 13, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., 

McCall,
J., and Strange, J.