ACCEPTED
01-15-00102-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/10/2015 11:14:55 AM
CHRISTOPHER PRINE
CLERK

# Nos. 01-15-00102-CR, 01-15-00103-CR and 01-15-00104-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

8/10/2015 11:14:55 AM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIRST COURT OF APPEALS
## HOUSTON, TEXAS

**BRODRICK MICHAEL JAMES,**

*Appellant*,

**Vs.**

**THE STATE OF TEXAS,**

*Appellee.*

**Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 74207, 74208 and 74209**

## BRIEF FOR THE APPELLEE, THE STATE OF TEXAS

JERI YENNE – BRAZORIA COUNTY
CRIMINAL DISTRICT ATTORNEY

Trey D. Picard
Assistant Criminal District Attorney
State Bar No. 24027742
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

Attorney for the Appellee,
The State of Texas

**Oral argument is requested.**

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**                              Brodrick Michael James


**Appellee:**                               The State of Texas


**Attorney for the Appellant:**            Keith G. Allen
                                           State Bar No. 01043550
                                           Law Offices of Keith G. Allen, PLLC
                                           2360 CR 94, Suite 106
                                           Pearland, Texas 77584
                                           (832) 230-0075
                                           (832) 413-5896 Fax
                                           Keith@KGAllenLaw.com


**Attorney for the Appellant
at Trial:**                                Faye Gordon
                                           State Bar No. 08197500
                                           Attorney at Law
                                           201 E. Myrtle, Suite 126
                                           Angleton, Texas 77515
                                           (979) 849-3330
                                           Faye@FayeGordonLaw.com


**Attorney for the Appellee
on Appeal:**                               Trey D. Picard
                                           State Bar No. 24027742
                                           Assistant Criminal District Attorney
                                           111 East Locust St., Suite 408A
                                           Angleton, Texas 77515
                                           (979) 864-1233
                                           (979) 864-1712 Fax
                                           treyp@brazoria-county.com

**Attorneys for the Appellee**
**at Trial:**

Brian Hrach
State Bar No. 24050787
Assistant Criminal District Attorney
Rick Martin
State Bar No. 24073267
Assistant Criminal District Attorney
111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................... ii

TABLE OF CONTENTS.................................................................... iv

INDEX OF AUTHORITIES .............................................................. vi

ABBREVIATIONS FOR RECORD REFERENCES ...................................x

STATEMENT OF THE CASE ............................................................1

ISSUES PRESENTED ...................................................................2

STATEMENT OF FACTS .................................................................3

SUMMARY OF THE ARGUMENT ...............................................7

ARGUMENT ............................................................................8

    1)    *The trial court was within its discretion to deny Appellant's request to discharge his attorney made on the day of trial* ...........................................................8

    2)    *The recording of Appellant's accidental call to law enforcement was properly admitted* ......................... 10

        a)    *Appellant did not have a reasonable expectation of privacy in the accidental call* ................. 12

        b)    *The investigator's recording of Appellant's conversation did not violate the Texas wiretap statute* ......................................................... 16

    3)    *Appellant was not prejudiced by any alleged error by his trial counsel* ........................................ 18

    4)    *Appellant retained the right to Appeal for both guilt-innocence and the punishment phases of trial* ......................... 20

CONCLUSION ........................................................................ 22

PRAYER ............................................................................... 23

CERTIFICATE OF SERVICE ................................................... 24

CERTIFICATE OF RULE 9.4 COMPLIANCE ........................... 25

APPENDIX ........................................................................... 26

# INDEX OF AUTHORITIES

**Cases**

*Allen v. State*,
No. 08–13–00302–CR, 2015 WL 2183526
(Tex.App.—El Paso, May 8, 2015, no pet.)
(not released for publication) .................................................... 17

*Barfield v. State*,
416 S.W.3d 743 (Tex.App.—Houston [14th Dist.]
2013, no pet.).......................................................................... 12

*Bourque v. State,*
156 S.W.3d 675 (Tex.App.—Dallas 2005, no pet.)................. 19

*Busby v. State,*
990 S.W.2d 263 (Tex.Crim.App.1999).................................... 18

*California v. Ciraolo*,
476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed. 210 (1980)................ 12

*Childress v. State,*
794 S.W.2d 119 (Tex.App.—Houston [1st Dist.]
1990, pet. ref'd)......................................................................... 8

*Dears v. State,*
154 S.W.3d 610 (Tex.Crim.App.2005)............................. 20, 21

*Duhig v. State*,
171 S.W.3d 631 (Tex.App.—Houston [14th Dist.]
2005, pet. ref'd)....................................................................... 15

*Ex Parte Moore*,
395 S.W.3d 152 (Tex.Crim.App.2013).................................... 10

*Ex parte Okere,*
56 S.W.3d 846 (Tex.App.—Fort Worth 2001, pet. ref'd) ....... 19

*Ex parte Thomas,*
        545 S.W.2d 469 (Tex.Crim.App.1977)...................................... 21

*Granados v. State,*
        85 S.W.3d 217 (Tex.Crim.App.2002)...................................... 11

*Horton v. California,*
        496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990).......... 15

*Huff v. Spaw*,
        No. 14-5123, 2015 WL 4430466 (6th Cir.) July 21, 2015)
        (not released for publication) ............................................ 12, 14

*Jackson v. State,*
        877 S.W.2d 768 (Tex.Crim.App.1994) (en banc).................... 19

*James v. State*,
        No. 01-06-00795-CR, 2007 WL 2214891
        (Tex.App.—Houston [1st Dist.], Aug. 2, 2007, no pet.)
        (mem.opinion) (not designated publication)............................. 8

*Katz v. United States,*
        389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)................ 15

*King v. State,*
        511 S.W.2d 32 (Tex.Crim.App.1974)....................................... 8

*McCall v. State,*
        540 S.W.2d 717 (Tex.Crim.App.1976).................................... 15

*Minnesota v. Dickerson,*
        508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993).... 14, 15

*Montgomery v. State,*
        810 S.W.2d 372 (Tex.Crim.App.1990)...................................... 8

*Moore v. State,*
        694 S.W.2d 528 (Tex.Crim.App.1985)................................... 18

*Polk v. State,*
      738 S .W.2d 274 (Tex.Crim.App.1987).................................... 17

*Rylander v. State,*
      101 S.W.3d 107 (Tex.Crim.App.2003).................................. 19

*Smith v. Maryland,*
      442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979).............. 10

*Smith v. State,*
      91 S.W.3d 407 (Tex.App.—Texarkana 2002, no pet.)............ 21

*State v. Hardy,*
      963 S.W.2d 516 (Tex.Crim.App.1997).................................... 11

*Thacker v. State,*
      999 S.W.2d 56 (Tex.App.—Houston [14th Dist.]
      1999, pet. ref'd)......................................................... 19

*Thompson v. State,*
      9 S.W.3d 808 (Tex.Crim.App.1999)...................................... 18

*Trevino v. State,*
      2007 WL 2806659 (Tex.App.—Amarillo, Sep. 27, 2007,
      no pet.)................................................................. 21

*Tufele v. State,*
      130 S.W.3d 267 (Tex.App.—Houston [14th Dist.]
      2004, no pet.)........................................................... 21

*Tyler v. State,*
      137 S.W.3d 261 (Tex.App.—Houston [1st Dist.]
      2004, no pet.)............................................................. 8

*United States v. Fisch,*
      474 F2d 1071 (9th Cir.), cert. denied, 412 U.S. 921,
      93 S.Ct. 2742, 37 L.Ed.2d 148 (1973) .................................... 13

*United States v. Ganoe,*
      538 F.3d 1117 (9th Cir. 2008)................................................ 14

*Villarreal v. State,*
 935 S.W.2d 134 (Tex.Crim.App.1996)............................... 10, 11

*Wall v. State,*
 184 S.W.3d 730 (Tex.Crim.App.2006).................................. 12

*Walter v. State,*
 28 S.W.3d 538 (Tex.Crim.App.2000)..................................... 14

*Wilkerson v. State,*
 644 S.W.2d 911 (Tex.App.—Fort Worth 1983, pet. ref'd) ..... 15

**Statutes**

18 U.S.C. § 2510 (2002) .......................................................... 13

TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon 2005) ........................... 20

TEX. CODE CRIM. PROC. ANN. art. 18.20 (Vernon 2015)........................ 16, 17

TEX. CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2011)........................ 16, 17

TEX. PENAL CODE ANN. § 1.07(a)(1) (Vernon 2011) ................................... 15

TEX. PENAL CODE ANN. § 16.02 (Vernon 2011) .................................... 16, 17

**Rules**

TEX. R. APP. P. 34.5(c)............................................................... 21

TEX. R. APP. P. 44.3 ................................................................... 21

TEX. R. APP. P. 44.4 ................................................................... 21

## ABBREVIATIONS FOR RECORD REFERENCES

|   | Abbreviation | The Record |
|---|---|---|
| 1 | RR 2:532 | Reporter's Record, vol. 2, page 532. |
| 2 | CR 1:45 | Clerk's Record, vol. 1, page 45. |
| 3 | Ant. Br. 5 | Appellant's Brief, page 5. |
| 4 | Apx. Ex. 1 | State's Appendix, Exhibit 1. |
| 5 | RR 5: Sx. 1 | Reporter's Record, vol. 5, State's Exhibit 1 |

**STATEMENT OF THE CASE**

In a consolidated proceeding, Appellant Brodrick Michael James was tried for three instances of delivery of a controlled substance, enhanced, which were indicted under Cause Nos. 74207, 74208 and 74209 (RR 3:8). Trial occurred in the 149th District Court for Brazoria County, Texas, Hon. Terri Holder presiding. Immediately before trial, Appellant pleaded guilty to each of those charges (RR 3:9). In exchange for Appellant's plea and waiver of a pre-sentence investigation report, the State agreed to waive a jury trial on punishment (RR 3:10). Following a trial to the court on punishment, Appellant was sentenced to 45 years confinement in each cause (RR 4:138).

# ISSUES PRESENTED

At issue is whether the trial court abused its discretion by refusing to grant Appellant's request, made on the day of trial, to dismiss his court-appointed attorney. The Court of Appeals is also asked to consider whether the trial court abused its discretion by allowing the admission of an audio recording of an accidental cellular telephone call made by Appellant (or "butt dial") to an undercover officer in which Appellant could be heard speaking to a third party about Appellant's intent to rob the officer during a planned undercover narcotics purchase. In a related issue, the Court is asked to consider whether Appellant's trial attorney was ineffective by failing to preserve the Fourth Amendment challenge for appellate review. Finally, the Court is asked to consider whether the trial court committed error by limiting Appellant's appeal to the punishment phase of trial because of Appellant's guilty plea.

## STATEMENT OF FACTS

Appellant sold methamphetamine to an undercover officer with the Brazoria County Narcotics Task force on three separate dates: May 8, 2014, May 14, 2014, and May 28, 2014 (RR 4:31-32). Prior to each sale, Investigator Marcos Salinas contacted Appellant on Appellant's cellular telephone to arrange a time and place for the transaction at various points around Brazoria County (RR 4:30-32). The phone calls between Appellant and the undercover officer were recorded. The sale of the methamphetamine, which occurred in Inv. Salinas's vehicle on each occasion, was also recorded by a hidden video camera (RR 4:32-33). In a fourth methamphetamine sale between Appellant and Inv. Salinas, however, the substance Appellant provided tested negative (RR 4:36-37).

During the same time period of the methamphetamine sales, Appellant indicated he wanted to purchase a kilogram of cocaine from Inv. Salinas (RR 4:37). This discussion resulted in a "flash" meeting on July 18, 2014, in which Inv. Salinas and two other undercover officers showed Appellant one kilogram of cocaine in a parking lot in Pearland, Texas (RR 4:38-39, 4:40). This meeting resulted in an agreement in which Appellant agreed to purchase two kilograms of cocaine for $26,000 each (RR 4:41). Shortly after the "flash" meeting, however, Inv. Salinas received two calls

from Appellant's cellular telephone. The first was to confirm the terms of the cocaine sale. The second was an accidental telephone call—or "butt dial"—from the same phone number (RR 4:41-42). Both conversations were recorded.

During the second phone call, Inv. Salinas heard Appellant speaking with an unidentified female in the background (RR 4:43). At about two minutes into the conversation Appellant said he planned to turn the cocaine purchase into a "rip-off"—in other words, take the drugs in an armed robbery (RR 4:44). On hearing this, investigators suspended all future transactions with Appellant and arrested him (RR 4:44, 4:48). Appellant was indicted shortly thereafter for possession of a controlled substance with intent to deliver for the three prior methamphetamine sales. Appellant's charges were enhanced with a prior conviction for aggravated robbery that occurred on April 13, 2008 (RR 4:8-9).

The matter was called to trial on January 26, 2015. Before trial was set to begin that day, Appellant pleaded guilty to the three possession charges in Cause Nos. 74207, 74208 and 74209 (RR 3:9). In exchange for this guilty plea, the State agreed to waive its right to a jury trial on punishment—as the defendant wanted his punishment to be decided by the trial court. Appellant waived his right to a pre-sentence investigation report

4

before sentencing (RR 3:10-12). Appellant also pleaded "true" to the enhancement paragraphs of the indictments, which alleged Appellant had been previously convicted of aggravated robbery (RR 3:12). Trial then proceeded to the punishment phase two days later.

During punishment, the trial court considered evidence of Appellant's prior robbery conviction in which he used a rifle (stolen about one year prior to that offense) to rob a local convenience store, striking the cashier in the head with the butt of the weapon in the process (RR 4:10-13, 4:17, 4:102-04). Appellant evaded capture briefly, hiding in his grandmother's attic before being discovered by the police (RR 4:11). Appellant then—while handcuffed—broke away from the arresting officer and continued to elude investigators before finally being arrested in Houston about one week later (RR 4:12).

The defense called Appellant's father who testified Appellant had been placed with the Texas Youth Commission from the age of 14 to 16 before being arrested for the aggravated robbery charge after Appellant turned 17, and served another 5 years of incarceration (RR 4:58-60). Appellant's father told the court he hoped the trial court would not sentence his son to not too much time since Appellant had regretted what he had done and that this was a "turning point" in Appellant's life (RR 4:63-64).

5

Appellant also called his maternal aunt and a local pastor before taking the stand himself in support of his plea for leniency. At the close of punishment, however, the trial court sentenced Appellant to 45 years confinement on each case (RR 4:137-38).

## SUMMARY OF THE ARGUMENT

The trial court did not abuse its discretion in refusing to allow Appellant to discharge his lawyer on the day of trial when there was no evidence of bad faith, insincerity, or disloyalty toward Appellant by his attorney. Further, Appellant did not have a reasonable expectation of privacy under the Fourth Amendment in his conversation with a third party that was transmitted to law enforcement accidentally (in what is commonly known as a "butt dial") on Appellant's cellular telephone due to his own carelessness, neither did the recording of that accidental call violate Texas law. Thus, the recording was properly admitted. In addition, because Appellant's Fourth Amendment challenge is without merit, defense counsel cannot be considered ineffective for allegedly failing to preserve the issue. Finally, given Appellant's guilty plea and agreement with the State to have the trial court decide punishment without a pre-sentence investigation report, the court did not abuse its discretion by limiting Appellant's appeal to the punishment phase of trial.

# ARGUMENT

## 1) The trial court was within its discretion to deny Appellant's request to discharge his attorney made on the day of trial.

A trial court's denial of a defendant's motion to dismiss counsel is reviewed for an abuse of discretion. *Childress v. State,* 794 S.W.2d 119, 122 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). An abuse of discretion occurs if the trial court acts without reference to any guiding rules and principles or acts arbitrarily or unreasonably. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App.1990); *Tyler v. State,* 137 S.W.3d 261, 266 (Tex.App.—Houston [1st Dist.] 2004, no pet.). Although an accused's right to counsel affords him a fair opportunity to secure counsel of his choosing, the right to obtain counsel of one's choice is neither unqualified nor absolute. *Childress,* 794 S.W.2d at 121 (citations omitted). A defendant also carries the burden of proving that he is entitled to a change of counsel. *King v. State,* 511 S.W.2d 32, 34 (Tex.Crim.App.1974).[1]

Significantly, the right of a defendant to choose an attorney cannot be manipulated so as to obstruct the orderly procedure in the courts, and it must be balanced with a trial court's need for prompt and efficient administration of justice. *Childress,* 794 S.W.2d at 121-22 For example, a

---

[1] *See also James v. State*, No. 01-06-00795-CR, 2007 WL 2214891 *3 (Tex.App.—Houston [1st Dist.], Aug. 2, 2007, no pet.) (mem.opinion) (not designated publication).

defendant does not have an absolute right to discharge his attorney where the request is made only five days before trial is scheduled to begin, and the record does not reflect any bad faith, insincerity, or disloyalty toward defendant by defense counsel. *See id*. In the present case, there is no evidence of any bad faith, insincerity, or disloyalty to Appellant by his trial counsel.

Appellant's only complaint to the trial court—made immediately before trial was set to begin—was that he "didn't feel comfortable going to trial with the court-appointed lawyer" (RR 3:7). Appellant gave no other reason for wanting to discharge his attorney and hire another. Appellant also told the court that his family was "talking" with another lawyer and he felt sure they would be hiring that individual on the same date, but no other evidence was presented to confirm this statement (RR 3:6-7). Based on the evidence presented, the trial court did not abuse its discretion in refusing to allow Appellant to discharge his court-appointed lawyer on the day of trial. Therefore, Appellant's point of error should be overruled.

**2) The recording of Appellant's accidental call to law enforcement was properly admitted.**

Appellant complains about the admission of a recording of a conversation between Appellant and a third party, which was recorded by law enforcement when he accidently called an undercover officer. During the conversation, the Appellant was heard explaining his intent to rob the undercover officer during a planned narcotics sale and steal the cocaine that Appellant was allegedly going to purchase. Appellant argues this audio recording of his private conversation was obtained in violation of his privacy rights under the Fourth Amendment of the United States Constitution.

A defendant has standing to challenge the admission of evidence obtained by a government intrusion only if he had a legitimate expectation of privacy in the place invaded. *Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App.1996). The accused also has the burden of proving facts establishing a legitimate expectation of privacy. *Id.* To carry the burden, the accused must prove (1) that by his conduct he exhibited an actual subjective expectation of privacy, and (2) that circumstances existed under which society was prepared to recognize his subjective expectation as objectively reasonable. *Id.; see also Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979); *Ex Parte Moore*, 395 S.W.3d 152, 158-59 (Tex.Crim.App.2013).

In considering whether the defendant has demonstrated an objectively reasonable expectation of privacy, a court examines the totality of the circumstances surrounding the search, including:

> … (1) whether the accused had a property or possessory interest in the place invaded; (2) whether he was legitimately in the place invaded; (3) whether he had complete dominion or control and the right to exclude others; (4) whether, before the intrusion, he took normal precautions customarily taken by those seeking privacy; (5) whether he put the place to some private use; and (6) whether his claim of privacy is consistent with historical notions of privacy.

*Granados v. State,* 85 S.W.3d 217, 223 (Tex.Crim.App.2002); *Villareal*, 935 S.W.3d at 138. This is a non-exhaustive list of factors, and no one factor is dispositive. *Granados,* 85 S.W.3d at 223.

The issue of whether a "subjective expectation of privacy" is one that society recognizes as being reasonable is a question of law. *Villarreal,* 935 S.W.2d at 138 n. 5; *see also State v. Hardy*, 963 S.W.2d 516, 523 (Tex.Crim.App.1997) ("proper focus, under the Fourth Amendment, is upon American society as a whole, rather than a particular state or other geographic subdivision."). An appellate court "reviews a constitutional legal ruling, such as whether a search or seizure governed by the Fourth Amendment occurred in a particular case, under a de novo standard of review." *Barfield v. State*, 416 S.W.3d 743, 746 (Tex.App.—Houston [14th

11

Dist.] 2013, no pet.) (citing *Wall v. State,* 184 S.W.3d 730, 742 (Tex.Crim.App.2006)).

The question before the Court of Appeals here is whether the Appellant had a reasonable expectation of privacy in a conversation with a third party that was accidentally transmitted to law enforcement on Appellant's cellular telephone in what is commonly known as a "pocket" or "butt dial". This issue appears to be a matter of first impression in Texas, and has had limited interpretation nationally. However, the U.S. Court of Appeals for the 6th Circuit recently addressed the issue in *Huff v. Spaw*, No. 14-5123, 2015 WL 4430466 (6th Cir.) July 21, 2015) (not released for publication).

### a) Appellant did not have a reasonable expectation of privacy in the accidental call.

Because Appellant placed the accidental call to Inv. Salinas on his own device, he exposed his statements to law enforcement and, therefore, failed to exhibit an expectation of privacy with respect to those statements. Such exposure need not be deliberate, and can be the inadvertent product of neglect that vitiates any privacy interest protected by the Fourth Amendment. *See Huff*, 2015 WL 4430466 *6 (citing *California v. Ciraolo*, 476 U.S. 207, 214-15, 106 S.Ct. 1809, 90 L.Ed. 210 (1980) (police who viewed inside defendant's fenced in property from a location open to the

12

public did not violate defendant's reasonable expectation of privacy) and *United States v. Fisch*, 474 F2d 1071, 1077 (9th Cir.), cert denied, 412 U.S. 921, 93 S.Ct. 2742, 37 L.Ed.2d 148 (1973) (no expectation of privacy to statements "audible to the naked ear" of police in adjoining hotel room)).

In *Huff*, the Sixth Federal Circuit held there is no reasonable expectation of privacy in cellular phone calls accidently made to a third party. In its discussion of an inadvertent cellular phone call—commonly known as the case of a "pocket" or "butt dial"—which was at the heart of a civil claim under the federal wire tap statute,[2] the court held,

> … a person who knowingly operates a device that is capable of inadvertently exposing his conversations to third party listeners and fails to take simple precautions to prevent such exposure does not have a reasonable expectation of privacy with respect to the statements that are exposed to an outsider by inadvertent operation of that device.

*Huff*, 2015 WL 4430466 *7. In support of its decision, the court relied on the plain-view doctrine, reasoning that if a homeowner neglects to cover a window with drapes, he would lose his reasonable expectation of privacy with respect to a viewer looking into the window from outside of his property. *Id*. At *6 (citing *Wright* and *Ciraolo*, supra). The court concluded the same reasoning would apply to visual and auditory information. *Id*.

---

[2] *See* 18 U.S.C. § 2510, *et seq*. (2002) (Chapter 119. Wire and Electronic Communications Interception and Interception of Oral Communications).

In further support of its holding, the court in *Huff* considered a Ninth Circuit case in which law enforcement discovered child pornography on the defendant's computer via a peer-to-peer file-sharing program called "LimeWire," which the defendant had installed on his computer. *See Huff*, 2015 WL 4430466 *6 (citing *United States v. Ganoe*, 538 F.3d 1117 (9th Cir. 2008)). The Sixth Circuit noted that the defendant's program in *Ganoe* had a method to turn off the file-sharing feature, but the defendant neglected to do so. Ultimately, the 9th Circuit held, "[t]o argue that Ganoe lacked the technical savvy or good sense to configure LimeWire to prevent access to his pornographic files is like saying he did not know enough to close his drapes." *Ganoe*, 538 F.3d at 1127.

Similarly recognizing that a person must have a legitimate expectation of privacy to claim the protection of the Fourth Amendment, the Court of Criminal Appeals has held when an officer observes contraband "from a lawful vantage point, there has been no invasion of a legitimate expectation of privacy and thus no 'search' within the meaning of the Fourth Amendment—or at least no search independent of the initial intrusion that gave the officers their vantage point." *Walter v. State,* 28 S.W.3d 538, 541–42 (Tex.Crim.App.2000) (quoting *Minnesota v. Dickerson,* 508 U.S. 366, 375 113 S.Ct. 2130, 2136, 124 L.Ed.2d 334 (1993)); *see Horton v.*

14

*California,* 496 U.S. 128, 133-35, 110 S.Ct. 2301, 2307, 110 L.Ed.2d 112 (1990) (noting that, if an article is in plain view, neither its observation nor its seizure involves any invasion of privacy); *see also Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) ("What a person knowingly exposes to the public, even in his own home or office, is not a subject of Fourth Amendment protection"); *Id.* at 361 (Harlan, J., concurring) ("Thus a man's home is, for most purposes, a place where he expects privacy, but objects, activities, or statements that he exposes to the 'plain view' of outsiders are not 'protected' because no intention to keep them to himself has been exhibited.").[3]

In the present case, Appellant cannot have a reasonable expectation of privacy in a conversation that was transmitted inadvertently to law enforcement due to his own carelessness.[4] The effect is the same as if Appellant had participated in the same private conversation at his residence, in front of an open window, and which was audible to investigators. An

---

[3] *See also McCall v. State,* 540 S.W.2d 717, 720 (Tex.Crim.App.1976) ("What a person knowingly exposes to the public is not subject to Fourth Amendment protection"); *see also, e.g., Duhig v. State,* 171 S.W.3d 631, 635 (Tex.App.—Houston [14th Dist.] 2005, pet. ref'd) (no impermissible, warrantless search when he looked through the window on appellant's front door and observed marijuana and drug paraphernalia on the coffee table) and *Wilkerson v. State,* 644 S.W.2d 911, 912 (Tex.App.—Fort Worth 1983, pet. ref'd) (holding defendant could have no reasonable expectation of privacy in backyard marijuana plants visible from the street).

[4] *See* TEX. PENAL CODE ANN. § 1.07(a)(1) (Vernon 2011) (An "act" "means a bodily movement, whether voluntary or involuntary, and includes speech.").

accused does not have a privacy interest protected by the Fourth Amendment when that privacy is surrendered by a defendant's carelessness or neglect. The facts of this case do not demonstrate the Appellant had a subjective expectation of privacy that society is prepared to recognize as objectively reasonable—and neither should the Court of Appeals. Accordingly, the admission of Appellant's recorded conversation was not error, and his complaint should be overruled.

**b)   The investigator's recording of Appellant's conversation did not violate the Texas wiretap statute.**

Appellant further complains the recording of his accidental call to Inv. Salinas violated Texas law and, therefore, should have been excluded. Under the penal code, it is an offense when a person "intentionally intercepts, endeavors to intercept, or procures another person to intercept or endeavor to intercept a wire, oral, or electronic communication." TEX. PENAL CODE ANN. § 16.02(b)(1) (Vernon 2011); TEX. CODE CRIM. PROC. ANN. art. 18.20 (Vernon 2015).[5] Such evidence, if obtained in violation of state law, may not be admitted against the accused in a criminal case. TEX.

---

[5] Penal Code section 16.02—herein, the "Texas Wiretap Statute"—incorporates definitions from Article 18.20 of the Texas Code of Criminal Procedure. TEX. PENAL CODE ANN. § 16.02(a) (Vernon 2011). Appellant argues that, because the recording of the telephone conversations "constituted an illegal intercept of a wire communication" as described by TEX. CODE CRIM. PROC. art. 18.20, § 1(3), the content of the conversation recorded by investigators was obtained in violation of TEX. PENAL CODE § 16.02. The recording was, therefore, inadmissible under TEX. CODE CRIM. PROC. art. 38.23.

16

CODE CRIM. PROC. ANN. art. 38.23 (Vernon 2011). Because article 38.23 is mandatory, a judge has no discretion in ruling on the exclusion of evidence if the evidence was obtained in violation of a state statute or constitutional provision. *Polk v. State,* 738 S .W.2d 274, 276 (Tex.Crim.App.1987).

"For purposes of the wiretap statute, an 'oral communication' is one "uttered by a person *exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation.*" *Allen v. State*, No. 08–13–00302–CR, 2015 WL 2183526 *2 (Tex.App.—El Paso, May 8, 2015, no pet.) (not released for publication) (emphasis original) (citing TEX. PENAL CODE § 16.02(a); and TEX. CODE CRIM. PROC. ANN. art. 18.20, § l(2)). The "threshold question for purposes of the wiretap statute, therefore, is whether the [defendant] had a reasonable expectation of privacy under the circumstances." *See id.*

Because the authority cited above demonstrates that Appellant did not have a reasonable expectation of privacy in his accidental call (or "butt dial") to Inv. Salinas, the Court of Appeals should conclude the call was not an "oral communication" covered by Section 16.02 of the Texas Penal Code—thus, the investigator did not violate the statute by recording Appellant's conversation. For this reason, Appellant's complaint that the recording in dispute was illegally obtained should be overruled.

17

**3)    Appellant was not prejudiced by any alleged error by his trial counsel.**

In his final issue, Appellant raises an ineffective counsel claim in an exercise of caution should the Court of Appeals find that his attorney failed to preserve the Fourth Amendment challenge by proper objection to the State's offer of the recording of his accidental cellular call to Inv. Salinas. To prevail on this claim, Appellant must prove by a preponderance of the evidence deficient performance and prejudice. *Busby v. State,* 990 S.W.2d 263, 268 (Tex.Crim.App.1999). In evaluating such a complaint, an appellate court looks to the totality of the representation and strongly presumes counsel's competence. *Id.; Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). An allegation of ineffectiveness must also be firmly founded in the record, and without the required showing of deficient performance or sufficient prejudice, the presumption of reasonable counsel will not be overcome. *Thompson v. State,* 9 S.W.3d 808, 814 (Tex.Crim.App.1999).[6]

Because Inv. Salina's recording of Appellant's accidental call does not run afoul of the Fourth Amendment, the failure of defense counsel to preserve this particular objection cannot form the basis of an ineffective

---

[6] For purposes of this appeal, the State does not argue trial counsel failed to preserve error on this point.

assistance of counsel claim. *See Bourque v. State,* 156 S.W.3d 675, 677 (Tex.App.—Dallas 2005, no pet.) (counsel not ineffective in failing to object to unobjectionable documents); *Thacker v. State,* 999 S.W.2d 56, 67 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd) (counsel not ineffective in failing to make meritless objection).

Furthermore, the record is silent with respect to why trial counsel did not raise a Fourth Amendment challenge to the recording, and the Court of Appeals should not speculate on what her trial strategy might have been by not objecting. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994) (en banc) (silent record contained no evidence to rebut presumption of reasonable professional judgment by trial counsel); s*ee also, e.g., Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App.2003) (silent record will not support ineffective assistance of counsel claim); *Ex parte Okere,* 56 S.W.3d 846, 856-57 (Tex.App.—Fort Worth 2001, pet. ref'd) (overruling ineffective assistance claim where record silent as to why counsel failed to contact or subpoena witnesses). Thus, Appellant's ineffective assistance claim should be overruled.

**4) Appellant retained the right to Appeal for both guilt-innocence and the punishment phases of trial.**

Shortly before a jury panel was scheduled to be brought into court, Appellant entered a plea of "guilty" to all charges (RR 3:9) (CR 000020-21). The plea was made without a recommendation from the State on punishment. Instead, the parties agreed, both orally and in writing, that the trial court would determine punishment and that there would be no pre-sentence investigation ordered (CR 000023). Upon completion of trial, the court limited Appellant's right to appeal as to punishment only, and prepared a certification of Appellant's right to appeal in line with this finding.

In criminal cases, a trial court is required to enter a certification of a defendant's right of appeal in every case that it enters a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(a)(2) limits an appellate court's jurisdiction over appeals from plea-bargained convictions. However, these limitations do not apply to convictions from open pleas of guilty. *Dears v. State,* 154 S.W.3d 610, 613 (Tex.Crim.App.2005).

A defendant in a noncapital case may waive any rights secured him by law. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (Vernon 2005). However, in the absence of a plea agreement regarding sentencing, a pre-sentence waiver of the right to appeal is unenforceable. *See Smith v. State,*

20

91 S.W.3d 407, 408-09 (Tex.App.—Texarkana 2002, no pet.) (*citing Ex parte Thomas,* 545 S.W.2d 469, 470 (Tex.Crim.App.1977)). The rule stems from a principle that if a defendant does not know what his sentence will be at the time he enters his plea, any waiver of the right to appeal cannot be made knowingly, voluntarily, and intelligently. *Thomas,* 545 S.W.2d at 470.

In the event that a defendant enters a waiver of his right to appeal before he is aware of the consequences of his plea, the waiver is considered invalid. *Tufele v. State,* 130 S.W.3d 267, 270 (Tex.App.—Houston [14th Dist.] 2004, no pet.). In the present case, the trial court's certification limits Appellant's right of appeal to the punishment phase only (Apx. Ex. 1). Under the facts presented, however, the State agrees that the jurisdiction of the Court of Appeals extends to all points of error raised by Appellant.[7]

---

[7] A court of appeals may review the record to determine whether the trial court's certification of Appellant's right of appeal is defective and, if necessary, to obtain another certification from the trial court. *See, e.g., Trevino v. State*, 2007 WL 2806659 *2 (Tex.App.—Amarillo, Sep. 27, 2007, no pet.) (citing *Dears,* 154 S.W.3d at 614-15; Tex. R. App. P. 34.5(c); 37.1). A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Id.*; *Dears,* 154 S.W.3d at 614. If it cannot be determined from the record whether the trial court's certification of Appellant's right to appeal is accurate, and thus the Court cannot determine its jurisdiction over the appeal, the Court can choose to abate and remand this case to the trial court for re-certification of appellant's right of appeal. *See* Tex. R. App. P. 34.5(c), 44.3, 44.4; *Dears,* 154 S.W.3d at 614.

## CONCLUSION

The trial court was within its discretion to deny Appellant's request to change attorneys on the day of trial. Nothing indicated any apparent conflict between Appellant and his court-appointed attorney, and nothing supported Appellant's testimony that he might retain other counsel in the near future. Further, Appellant had no reasonable expectation of privacy under the Fourth Amendment in his accidental (or "butt dial") to law enforcement—thus, the recording of this telephone call was properly admitted and his trial counsel cannot be considered ineffective if the Court of Appeals finds the Fourth Amendment challenge was not preserved for appellate review. Finally, although the trial court may have limited Appellant's right of appeal to the punishment phase of trial, review of the record by this Court should indicate that its jurisdiction extends to any points of error raised regarding the guilt-innocence phase of trial as well.

## PRAYER

For these reasons, after considering all issues raised, the State asks the Court of Appeals to overrule the Appellant's issues on appeal and affirm the trial court's judgment.

Respectfully submitted,

/s/ Jeri Yenne

_____

Jeri Yenne
State Bar No. 04240950
Brazoria County Criminal District Attorney

/s/ Trey D. Picard

_____

Trey D. Picard
State Bar No. 24027742
Assistant Criminal District Attorney

111 East Locust St., Suite 408A
Angleton, Texas 77515
(979) 864-1233
(979) 864-1712 Fax
treyp@brazoria-county.com

ATTORNEY FOR THE APPELLEE,
THE STATE OF TEXAS

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document on all other parties, which are listed below, on **August 10, 2015**:

Keith G. Allen
State Bar No. 01043550
Law Offices of Keith G. Allen, PLLC
2360 CR 94, Suite 106
Pearland, Texas 77584
(832) 230-0075
(832) 413-5896 Fax
Keith@KGAllenLaw.com

**Attorney for the Appellant**

By:

☐    personal delivery

☐    mail

☐    commercial delivery service

☑    electronic delivery / fax

/s/ Trey D. Picard

_____

Trey D. Picard
Assistant Criminal District Attorney

# CERTIFICATE OF RULE 9.4 COMPLIANCE

I certify that this electronically filed document complies with Rule 9.4 of the Texas Rules of Appellate Procedure and that the number of words is: **5,326.**

/s/ Trey D. Picard

_____

Trey D. Picard
Assistant Criminal District Attorney

# APPENDIX

Trial Court's Certification of Defendant's Right to Appeal ...........................1

CERT 1273240

CAUSE NO. **74208**

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 149TH DISTRICT COURT |
| | § | |
| V. | § | OF |
| | § | |
| **Brodrick Michael James** | § | BRAZORIA COUNTY, TEXAS |

FILED
JAN 28 2015

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL

I, judge of the trial court, certify this criminal case:

___✓___ is not a plea-bargain case, and the defendant has the right of appeal. [or] *at punishment stage.*

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [*or*]

_____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [*or*]

_____ is a plea-bargain case, and the defendant has NO right of appeal. [*or*]

_____ The defendant has waived the right of appeal.

_____T. Huda_____          _____1-28-15_____
Trial Court Judge                          Date signed

I have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a *pro se* petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeal's judgment and opinion to my last known address and that I have only 30 days in which to file a *pro se* petition for discretionary review in the court of appeals. TEX.R.APP.P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney of any change in my address, I may lose the opportunity to file a *pro se* petition for discretionary review.

_____          _____
Defendant                                    Defendant's Counsel
Mailing address: 3226 GREENLEAF Lodge LN   State Bar of Texas ID No.: 08197500
Telephone number: FRESNO TX 77545          Mailing address: 201 E, Myrtle, Ste ,126
Fax number (if any):                       Telephone number: Angleton, TX 77515
                                           Fax Number (if any): (979) 849-3330

**13876**